[No. 3,937.]

E. J. BALDWIN *v.* FRANCIS BORNHEIMER AND CATHERINE BORNHEIMER, HIS WIFE, WILLIAM THOMPSON AND E. A. LAWRENCE.

ACKNOWLEDGMENT OF THE DEED.—The presumption is that the certificate of the notary, of the acknowledgment of a deed, states the facts.

AN ERROR WHICH DOES NO HARM.—A judgment will not be disturbed on account of error in the admission of testimony, if the testimony admitted does no harm,

AMENDMENT TO COMPLAINT.—If an attorney enters an appearance in a case for a person who is not named in the complaint as a party defendant, after the defendant named in the complaint has answered, and by stipulation, the answer on file is considered as the answer of the party for whom the attorney thus appears, the complaint should be amended by inserting the name of such party, and if not amended before an appeal is taken, the Supreme Court will direct the Court below to allow the amendment, even if it affirms the judgment.

EVIDENCE IN EJECTMENT.—If, after the defendant in ejectment has answered raising issues on the question of title, the attorney for the defendant appears for a person not made a defendant in the complaint, and, by

stipulation, the answer is considered as the answer of the person for whom the attorney thus appears, the party who thus appears must connect himself by evidence with the title of the original defendant, before he can introduce evidence as to the issues.

INSTRUCTIONS REFUSED.—If the evidence does not appear in the transcript, the applicability of instructions asked and refused, cannot be considered on appeal.

EJECTMENT to recover a lot in San Francisco. The original defendants were Francis Bornheimer and Catherine Bornheimer, his wife, Wm. Thompson and E. A. Lawrence. One of the defenses relied on was, that one John Thomas had, in 1865, fraudulently procured the defendant Francis to give him a deed of the demanded premises, and that Thomas had afterwards died, and the lot had been sold at administrator's sale, and purchased by John J. Powers, who had sold it to the plaintiff, and that Powers and the plaintiff purchased with knowledge of the facts constituting the fraud. The plaintiff before the cause was submitted to the jury, dismissed the action as to the other defendants, and recovered judgment against Wm. Thompson and Engel Bornheimer, and they appealed.

The other facts are stated in the opinion.

*E. A. Lawrence,* for the Appellants.

*G. F. & W. H. Sharp,* for the Respondent.

By the Court, McKINSTRY, J.:

Complaint in ejectment. After the usual denials, and a plea of the Statute of Limitations, the defendants, "for a further and separate answer, by way of cross-complaint," set up: That a deed of conveyance, through which the plaintiff deraigned his title, was obtained from the defendant F. Bornheimer by fraud, and that plaintiff had notice of the facts constituting the fraud, and prayed "that said title of said plaintiff be decreed to be null and void, and to be delivered up to be canceled, and that defendant have such other and further relief as shall be meet, etc."

On motion of defendant's counsel, the issues presented

by defendant's answer herein, setting up an equitable defense, were (first) tried by the Court without a jury.

The Notary Public, who certified to the acknowledgement of the deed above mentioned, was examined as a witsess. Having said that he had no distinct recollection of the particular transaction, he was permitted to state that it had been his uniform custom to ask of a party to an instrument, if he understood its contents, if the signature was his, and if he executed it freely and voluntarily.

There was no evidence which would have justified the Court below in finding that F. Bornheimer did not properly acknowledge the instrument; and the presumption is that the certificate of the Notary states the facts. Assuming the evidence to have been improperly admitted, the testimony of the Notary could not therefore have injured the defendants.

The evidence failed to establish the fraud alleged, and utterly failed to show that the grantee named in the deed was a party to such fraud, or that the plaintiff had notice of any fraud.

The Court below properly decreed the conveyance to be valid and effective. Subsequently the issues made by the averment of matters constituting a legal defense came on to be tried by a jury, duly empaneled.

*Mr. Lawrence,* of counsel, entered an appearance for Engel Bornheimer, and by stipulation, the answer on file was considered the answer of said Engel. Engel Bornheimer was not named originally in the complaint, and no application was made to amend, by inserting his name as a defendant.

Engel Bornheimer offered to introduce "the same evidence" which had been given on the part of F. Bornheimer, on the trial of the issues presented by the cross-complaint and equitable defense, but did not offer to prove that he was in any way connected with the claim of title of F. Bornheimer. The plaintiff's objection to the evidence offered was properly sustained. The evidence given to the jury does not appear in the transcript. The applicability of the instructions requested by defendants cannot, there-

fore, be determined here. We think the complaint should be amended. (*McKinley* v. *Tuttle*, 42 Cal. 570.)

It is ordered that the District Court amend the complaint or cause the same to be amended, as of a date prior to the judgment in said Court, by the insertion therein of the name, Engel Bornheimer, as a party defendant.

Judgment and order denying new trial affirmed, the respondent to pay the costs of this appeal.

Mr. Justice NILES did not express an opinion.