[Civ. No. 7807. Third Dist. Dec. 20, 1950.]

JUNE PATRICIA LARSON et al., Respondents, v.
EARL BARNETT, JR., et al., Appellants.

Stephen P. Galvin and Stephen P. Galvin, Jr., for Appellants.

C. Ray Robinson, Willard B. Treadwell and Margaret A. Flynn for Respondents.

VAN DYKE, J.—Respondent June Patricia Larson brought this action against appellant, Earl Barnett, Jr., and a named corporation defendant, George Johnson, a named defendant, and three fictitiously named defendants. The corporation and George Johnson were dismissed from the action. The complaint alleged that respondent had been injured through the negligent operation of an automobile by Earl Barnett, Jr. Respondent Dean Larson, husband of June, in a second cause of action sought recovery upon the same grounds for the reasonable cost of repairing the automobile in which she was riding, which vehicle belonged to him. Appellant Earl Barnett, Jr., answered for himself alone, admitting that he was driving the other car involved in the accident, denying the allegations of negligence and affirmatively alleging that he was the sole owner of that car. Service of process was made on the corporation defendant by serving Earl Barnett, Sr., father of Earl Barnett, Jr., as vice president of the corporation. The deposition of Barnett, Sr., was taken and thereupon the action was dismissed as to the corporation and as to the named defendant George Johnson. The relief against both had been demanded pursuant to appropriate allegations that they, with the fictitiously named defendants, owned the car Barnett, Jr., was driving and that he was driving it with the owner's permission. The deposition had developed to the satisfaction of respondents that the corporation and George Johnson had no interest in the Barnett car. Trial was begun before the court and after several witnesses had been called and examined respondents asked that the trial be continued until process could be served on Barnett, Sr. This request was granted and such service was made, the return thereof reciting that service was made upon him as Doe One, a fictitiously named defendant. When the cause again came on for trial counsel for Barnett, Sr., moved to quash service of summons and to dismiss the action as to him on the ground that he was not a party to the action. It was contended that he could not be considered as having been sued as a fictitiously named defendant because his true name had been at all times known to respondents and that the attempt to serve him as a fictitiously named defendant was sham and subterfuge. The motion was denied and the cause proceeded to trial upon the answers of Barnett, Jr., and Barnett, Sr., the answer of the latter denying ownership in him of any interest in the car Barnett, Jr., had been driving and denying the allegations of negligence and damage for want of information and belief.

He also pleaded the statute of limitations since more than ·a year had elapsed between the filing of the complaint and the service of process upon him as Doe One. After the close of the evidence the court made findings of fact. It found to be true the allegations of the complaint that Barnett, Sr., was sued as Doe One, his true name and capacity being unknown to plaintiff at the filing of the complaint; that at all pertinent times he was the owner of the car that Barnett, Jr., was driving; that Barnett, Jr., was driving it with permission of Barnett, Sr.; that Barnett, Jr., drove the car negligently and that as a proximate result thereof respondents suffered damage; that respondent June Patricia Larson suffered general damages in the sum of $5,000 and special damages in the sum of $4,335; that the automobile of respondent Dean Larson was damaged in the sum of $470; that Dean Larson was not guilty of contributory negligence in the operation of his car. The court further found that respondents at the time of filing the complaint knew the true name of Earl Barnett, Sr., but did not know that he was the owner of the car Barnett, Jr., was driving. The court concluded that judgment should be rendered in favor of June Patricia Larson in the sum of $9,335 against Barnett, Jr., in the sum of $5,000 against Barnett, Sr., and that Dean Larson was entitled to judgment against both in the sum of $470. Both Earl Barnett, Jr., and Earl Barnett, Sr., have appealed.

In support of their appeal they contend that the evidence does not support the finding and decision that Barnett, Sr., was the owner of the car Barnett, Jr., was driving; that the court had no jurisdiction of the person of Barnett, Sr., and that the judgment against him is erroneous and the motion to dismiss should have been granted; that the decision and conclusions of law are erroneous and prejudicial as to the damages assessed against the appellant Barnett, Jr.

We shall discuss first the contention that the evidence does not support the findings and the judgment based thereon that Barnett, Sr., was the owner of the car. The pertinent facts may be stated as follows: The car driven by Barnett, Jr., was a Chrysler. Barnett, Sr., and Barnett, Jr., between them testified as follows: Just prior to the accident the Chrysler had been owned by a Mrs. Parlavechio and she traded it to Barnett, Sr., for a pick-up car owned by him. On the day of the accident Barnett, Sr., and Mrs. Parlavechio met at the bank which held a lien upon the Chrysler car and there both she and the bank, as legal owner and registered owner, en-

dorsed the pink slip and turned it over to Barnett, Sr. He turned the pick-up over to Mrs. Parlavechio and she drove it away. Barnett, Sr., took possession of the Chrysler and placed it in a car lot. Barnett, Jr., came to the lot and took possession of the Chrysler, pursuant to previous agreement with his father that Barnett, Sr., would sell the car to him. The pink slip was turned over to Barnett, Jr. Later that evening when Barnett, Jr., was driving the car on his way home from the car lot the collision with the Larson car occurred. Although Barnett, Sr., turned the pink slip over to Barnett, Jr., he did not endorse it or sign his name thereon in any capacity. But he did receive part payment for the car from his son. Sometime after the accident Barnett, Jr., endorsed the pink slip and sent it in to the Motor Vehicle Department, which in time issued an ownership certificate to him, showing him to be the owner of the Chrysler. Appellants contend that by virtue of the transactions related, Barnett, Sr., effectively transferred the Chrysler car to his son so that he was not at the time of the accident the owner thereof. On the contrary, respondents contend that under the provisions of the Vehicle Code the transactions recited did not, as against respondents, divest him of ownership so as to free him from owner's liability. The pertinent provisions of the Vehicle Code are the following: Section 186 provides that no transfer of the title or any interest in or to a vehicle registered thereunder shall pass and any attempted transfer shall be ineffective unless and until the parties to the transfer shall have fulfilled either of the following requirements: 1. The transferor shall have made proper endorsement and delivery of the certificate of ownership and delivery of the registration card to the transferee and the transferee has delivered to the department or placed in the mail addressed to the department such certificate and card with the proper transfer fee and application for a transfer of registration; 2. The transferor shall have delivered to the department or shall have placed in the mail addressed to it the appropriate documents for registration or transfer of registration of the vehicle pursuant to such sale or transfer. It is provided that the section is subject to the provisions of section 178. Section 178 provides that:

"An owner who has made a bona fide sale or transfer of a vehicle and has delivered possession thereof to a purchaser shall not by reason of any of the provisions of this code be deemed the owner of such vehicle so as to be subject to civil liability for the operation of such vehicle thereafter by another

when such owner in addition to the foregoing has fulfilled either of the following requirements:

"1. When such owner has made proper indorsement and delivery of the certificate of ownership and delivered the certificate of registration as provided in this code.

"2. When such owner has delivered to the department or has placed in the United States mail, addressed to the department, either a notice as provided in Section 177 or appropriate documents for registration of such vehicle pursuant to such sale or transfer."

Appellants contend that the requirements of section 178 were met in this, that there was a bona fide sale and transfer, that the purchaser, Barnett, Jr., had received the car from Barnett, Sr., and that Barnett, Sr., had made proper endorsement and delivery of the certificates of ownership and of registration. On the other hand, respondents contend that these requirements had not been met in that Barnett, Sr., had not in any manner endorsed the certificate of ownership before its delivery to his son. We think this contention of respondents must be sustained.

It was held by the Supreme Court in *Henry* v. *General Forming, Ltd.*, 33 Cal.2d 223, 227 [200 P.2d 785], that the requirements for registration of title and ownership as indicated by the code provisions were enacted in the interest of public welfare, to protect innocent purchasers, and to afford identification of vehicles and persons responsible in cases of accident and injury. And in the earlier case of *Bunch* v. *Kin*, 2 Cal.App.2d 81, 84 [37 P.2d 744], it was held that these registration provisions derived their importance from the nature of motor vehicle traffic which requires that there be readily ascertained indicia of ownership for the protection of the general public in case of accident or violation of the law. Construing these same code sections, the court in *Smith* v. *Western Casualty & Surety Co.*, 60 Cal.App.2d 508, 511-512 [141 P.2d 10], declared that the effect of sections 178 and 186, construed together, was that upon sale and delivery of an automobile, together with delivery of the endorsed certificate, the title passed to the transferee so as to make such transferee the owner and to divest the transferor of his ownership so far as civil liability under section 402 of the Vehicle Code for the operation of such vehicle thereafter by another be concerned. The court further held that upon such delivery the transferee became the owner of the vehicle for the purpose of fixing such liability. (See *Ferroni* v. *Pacific Finance Corp.*,

21 Cal.2d 773, 778 [135 P.2d 569].) It results from the facts recited, and indeed is not disputed by appellants, that the transactions between Barnett, Sr., and Mrs. Parlavechio were efficient when completed to make Barnett, Sr., the owner of the car and subject to the liability declared by section 402, which liability continued through the time of the accident, unless by the recited transaction between himself and his son which followed he effectually shifted that liability to his son. Since he did not deliver or mail to the Motor Vehicle Department either a notice of the transfer or appropriate documents for registration of the car pursuant to the transfer he could only rid himself of ownership liability by making "proper endorsement and delivery of the certificate of ownership" to his transferee, Barnett, Jr. This he did not do. It is true that Barnett, Jr., armed with possession of the vehicle and the ownership certificate, might have applied for issuance of a new certificate to himself and might have secured the same, for the certificate as it would have been presented by him would not have indicated to the department that the transfer from Mrs. Parlavechio to Barnett, Sr., had occurred. It would have shown the endorsements of Mrs. Parlavechio as legal owner and of the bank as registered owner and with the endorsement of Barnett, Jr., as transferee would have indicated to the department that a transfer had taken place between Mrs. Parlavechio and the bank on the one hand and Barnett, Jr., on the other. But the purpose of the code provisions as they have been construed would have been defeated by such a course of conduct on the part of the two Barnetts. By an express provision of the Vehicle Code, Barnett, Sr., was charged, on becoming the transferee of the former owner, with a duty which he did not perform. Section 175 of the code declares:

"Upon a transfer of the title or any interest of the legal owner or owner in or to a vehicle registered hereunder, the person whose title or interest is to be transferred shall write his signature, *and the transferee shall write his signature and address*, in the appropriate spaces provided upon the reverse side of the certificate of ownership issued for such vehicle." (Italics added.)

Immediately upon the completion of the transfer of title to him, Barnett, Sr., was by law required to endorse the certificate in the manner indicated to the end that the purpose of all the code provisions concerning transfer of title to motor vehicles be subserved. It is the clear purpose and intent of

these provisions that the ownership certificate shall at all times show the ownership of the vehicle described therein. And when Barnett, Sr., delivered the car and the pink slip, as he did, he could only deliver it "properly endorsed" by having written thereon his own name and his address. This he did not do and therefore when the accident happened he was liable under section 402 of the Vehicle Code for damage suffered by respondent June Patricia Larson up to $5,000 and for damage suffered by respondent Dean Larson up to $1,000. The liability declared against him by the findings and judgment of the court was within these limits.

■ Appellants next contend that the court erred in treating Barnett, Sr., as having been sued under the fictitious name of Doe One. The argument runs that respondents at all times knew his true name and from the record this must be conceded. What the record shows respondents did not know was that Barnett, Sr., was the owner of the car involved at the time of the accident. The affidavit of Mr. Treadwell, one of the attorneys for respondents, presented to the court, in opposition to appellants' motion to dismiss as against Barnett, Sr., sets forth that when the action was begun the ownership of the automobile had not been transferred through the Motor Vehicle Department; that the parties were informed that Barnett, Jr., was an employee of the Potter-Barnett Corporation, a one-time defendant, which operated an automobile agency and used car lot; that the parties were informed that the automobile involved had been sold on the day of the accident by Mrs. Parlavechio and that from these facts it was assumed that the corporation had purchased the car; that nevertheless the complaint was drafted so as to protect the respondents and to that end fictitiously named defendants, among others being Doe One, were made parties as owners, along with the corporation defendant; that it was only after depositions were taken that respondents discovered the true status of Barnett, Sr., and he was thereupon served as Doe One. The complaint concerning the group of defendants, other than Barnett, Jr., and including the corporation, George Johnson and Doe One, alleged that they were owners of the automobile and sought to fasten upon them in that capacity the ownership liability, it being alleged they had permitted the use of the car by Barnett, Jr. With respect to Doe One the usual allegations were made pursuant to section 474 of the Code of Civil Procedure that the plaintiffs were ignorant of the name of that defendant. It is clear enough that respond-

ents, when they filed their action knowing that the car had recently been transferred by Mrs. Parlavechio and unable to ascertain the new owner or owners for want of registration identifying him or them did not know the true name of such owner or owners. Believing that such owner or owners, however, existed, they had a right under the code to sue such party or parties by fictitious names and the court, we hold, was fully justified in denying the motion to dismiss as to Barnett, Sr.; in treating him as having been a party from the beginning of the action; and in denying his defense based upon the statute of limitations, which defense, of course, would fail once it was justifiably found that he had been such party from the beginning. The construction of the code section contended for by appellants, that respondents could not sue the owner or owners under fictitious names because when the complaint was filed respondents happened to know the name of Barnett, Sr., though they did not know that he was also the party they were seeking to hold as such owner, would be so narrow a construction as in large measure to defeat the beneficent purpose of the statute. In *Irving* v. *Carpentier*, 70 Cal. 23, 26 [11 P. 391], the court had this to say concerning the code section:

"The statute above referred to is an enabling one, and should be so construed as to cure the evil it was designed to correct and advance the remedy. Persons are sometimes compelled to bring suits in haste. They have not time to ascertain the true names of parties to be made defendants. The statute of limitations may, in a day from the time the preparation of the complaint is commenced, effect a bar. Sometimes there is no means readily accessible of ascertaining the true names. The statute above referred to was enacted to afford a remedy in such cases. Should a plaintiff lose his right to have his case tried because of ignorance of the names of parties whom he has a right to sue, and as to whom he may have a good cause of action? How is the party sued by a name not his own injured? He loses no right by allowing a plaintiff to proceed as provided by the statute. He has every opportunity accorded to any other defendant to make his defense. He can demur or file his answer, and set up every defense which he is advised he can rely on.

"The counsel for respondent herein likens this case to that of a party allowed to bring an action for relief on the ground

of fraud, in which case the cause of action is not deemed to have accrued until the discovery by the party aggrieved of the facts constituting the fraud. In construing this rule, it has always been held that a party discovers the fraud when by the use of reasonable diligence he might have ascertained the facts constituting the fraud. But the rule prescribed by the statute in this case is entirely different. It is when he is actually ignorant of a certain fact, not when he might by the use of reasonable diligence have discovered it. Whether his ignorance is from misfortune or negligence, he is alike ignorant, and this is all the statute requires. This is the true meaning of the statute. We adopt it the more readily because the party thus brought in as a defendant loses no rights by it.''

These declarations of the Supreme Court are applicable here. The trial court was correct in treating Barnett, Sr., as having been sued under the fictitious name of Doe One.

 It appears from the record that although permission was sought and granted that the complaint be amended to substitute the name of Earl Barnett, Sr., by inserting it therein in the place of Doe One, this was not done and appellants contend without this having been done the judgment is void as to Barnett, Sr. While undoubtedly such an amendment should have been made, the defect can still be supplied under the authority of *Alameda County* v. *Crocker*, 125 Cal. 101, 106 [57 P. 766], by directions to the trial court to amend the complaint or cause the same to be amended as of a date prior to the judgment by the insertion therein wherever appropriate of the name of Earl Barnett, Sr., in the place of the name Doe One. In the cited case the same situation existed upon the record there as on the record here and the same point was made. The Supreme Court said that while it was essential that there should be a valid judgment against all defendants whose lands were sought to be condemned, and that the judgment, without amending the complaint, could not be supported (*Bachman* v. *Cathry*, 113 Cal. 498 [45 P. 814]), nevertheless the course pointed out in *Baldwin* v. *Bornheimer*, 48 Cal. 433, should be followed and that there was no necessity or reason for subjecting the parties to a new trial on account of the failure to amend the complaint.

Complaint is made by appellants as to the form of the judgment entered in favor of June Patricia Larson. That form was as follows: ''That the Plaintiff June Patricia Larson shall be entitled to Judgment against the defendant Earl Barnett, Jr., in the sum of $9335.00 and against the Defend-

ant Earl Barnett, Sr., in the sum of $5,000.00." Appellants contend that the result flowing from the form used is that Earl Barnett, Jr., has been subjected to a judgment for $9,335, the total damages suffered by June Patricia Larson and an added sum of $5,000, because, as is asserted by appellants, if Barnett, Sr., pays the amount awarded against him he can recover the same sum from Barnett, Jr., who nevertheless would remain liable in the sum adjudged against him. We think the judgment is not capable of that construction and that it is apparent from the judgment roll that the result intended by the court has been clearly stated, that is, judgment against Barnett, Jr., for the full sum of damages awarded and a liability of Barnett, Sr., as to $5,000 of that total sum jointly with Barnett, Jr.

However, it is not necessary to labor the point. Respondents have indicated here their consent that the judgment be clarified. They say: "If appellants are apprehensive that the judgment might be construed as permitting respondent [June Patricia Larson] to recover $14,335.00, respondent is willing to have the judgment modified in any appropriate manner to indicate that the total amount of damages recoverable by respondent against both appellants is $9,335.00, for which appellant Barnett, Sr., is liable only in the amount of $5,000.00." See *King* v. *Unger*, 35 Cal.App.2d 192, 198 [94 P.2d 1040], where this procedure was adopted. We shall follow it here.

The judgment appealed from is affirmed with the following directions to the trial court: 1. That the judgment in favor of June Patricia Larson be amended as of July 25, 1949, to provide that she recover of defendant Earl Barnett, Jr., the sum of $9,335 and that of said sum defendants Earl Barnett, Jr., and Earl Barnett, Sr., are jointly and severally liable in the sum of $5,000; 2. That the trial court amend the complaint or cause the same to be amended as of a date prior to the date of judgment herein by the insertion therein, wherever appropriate, of the name of "Earl Barnett, Sr.," in the place of the name "Doe One."

Adams, P. J., and Peek, J., concurred.