[Civ. No. 27049.   Second Dist., Div. Four.   May 14, 1963.]

TILDEN W. JOHNSON, Plaintiff and Appellant, v. GOODYEAR TIRE & RUBBER COMPANY et al., Defendants and Respondents.

134

Tilden W. Johnson, in pro. per., for Plaintiff and Appellant.

Moss, Lyon & Dunn, Charles B. Smith, Henry F. Walker, Crider, Tilson & Ruppé and Robert E. McGurl for Defendants and Respondents.

KINGSLEY, J.—In 1955, plaintiff purchased a new Ford automobile from Culver Motors, a dealer in Ford automobiles. In 1956, while driving in Colorado, plaintiff was involved in an auto accident whereby his car was badly wrecked and in which he received personal injuries. In 1957, plaintiff instituted suit against the Ford Motor Company (hereinafter referred to as Ford), and Goodyear Tire & Rubber Company (hereinafter referred to as Goodyear) in a federal court. This action was predicated on the theory of negligence in the testing and manufacture of a tubeless tire and of a wheel rim to hold such a tire. While this action was still pending in the federal court, plaintiff, in 1959, instituted suit in the Superior Court of the County of Los Angeles against Culver Motors, and Does one to ten. This suit is based on the same happening or event as plaintiff's suit in the federal court against Ford and Goodyear. However, in the state suit, plaintiff substantially changed the theory of his case by alleging a cause of action for breach of warranty. Sometime in 1962, plaintiff for the first time discovered that he may have a cause of action against Ford and Goodyear also based upon breach of warranty.[1] Consequently, plaintiff had summons served upon

[1] For the purposes of this appeal, we are not concerned with the merits of this alleged cause of action, with whether or not it is properly

Ford and Goodyear as Does I and II. Immediately after being served with summons, Goodyear moved to have such service quashed. On May 10, 1962, Goodyear's motion was granted upon the ground that, since plaintiff knew the true and correct name of Goodyear at the time of filing this action, Goodyear could not be designated by a fictitious name. On May 28, 1962, plaintiff filed a motion to have this order vacated. On July 20, 1962, Ford, too, was granted its motion to have service of summons quashed, upon the same ground it was granted to Goodyear. On the same day, plaintiff's motion of May 28 was denied. On August 6, 1962, plaintiff's motion of July 30 was denied. Finally, on August 15, 1962, plaintiff filed notice of appeal from all the orders of the superior court.

## I

■ Goodyear's contention that plaintiff has not perfected his appeal as to it within the 60-day period after its motion to quash service of summons was granted on May 10, as required by rule 2 of the California Rules of Court,† is erroneous. Goodyear has failed to note Rule 3(b) of the California Rules of Court,‡ which provides: "When a valid notice of intention to move to vacate a judgment or to vacate a judgment and enter another and different judgment is served and filed by any party on any ground within 60 days after entry of judgment, . . . (1) if the motion is denied or not decided by the superior court within 120 days after entry of the judgment, the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after entry of the order denying the motion to vacate or 150 days after entry of the judgment, whichever shall be less: . . ."

Plaintiff has clearly perfected his appeal as to Goodyear within the time limits set by rule 3(b). His motion to vacate the order quashing service of summons as to Goodyear was filed on May 28—within the 60 day period required by rule 3(b). This motion to vacate was denied on July 30, 1962, well within the 120-day period allowed and plaintiff filed his appeal on August 15. Therefore, plaintiff was well within

pleaded, nor with the applicability of statutes of limitation. These matters can be tested by motion, demurrer or answer if the motions to quash service are denied. See *Williams* v. *Goodman* (1963) 214 Cal. App.2d 856 [29 Cal.Rptr. 877].

†Formerly Rules on Appeal, rule 2.

‡Formerly Rules on Appeal, rule 3(b).

the period for filing an appeal whether measured by the 30-day period after his motion to vacate the May 10 order was denied on July 30, or by the 150-day period from the order of May 10.

## II

Goodyear contends that an appeal from an order denying a motion to vacate a previous order is nugatory, and that an appeal may be taken only from the original order. (*Litvinuk* v. *Litvinuk* (1945) 27 Cal.2d 38 [162 P.2d 8]; *Simmons* v. *Santa Barbara Ice etc. Co.* (1958) 162 Cal.App. 2d 23 [327 P.2d 141].) While a correct statement of the general law, this doctrine has no application to the facts presented here. The order of July 20, 1962, denying plaintiff's motion to vacate the order quashing service of summons on Goodyear, is important only as setting the time when the 30-day extension period for filing an appeal from the original order of May 10 is to commence. Plaintiff is appealing from *all* the orders and it specifically appears in the record that he is appealing from the order of May 10, which is the original order granting Goodyear's motion to have service upon it quashed.

## III

Where the plaintiff is *ignorant* of the true names of certain defendants, he may designate them by a fictitious name in the complaint and later request leave to amend to insert their true names when ascertained. Statutory authority for this procedure is found in Code of Civil Procedure, section 474.

Ford and Goodyear contend that, when a plaintiff has knowledge of the defendants' identity and their involvement in the facts, he cannot omit to name such defendants and thereafter claim the right to designate them as fictitiously named defendants under Code of Civil Procedure, section 474. Reliance on this position is placed upon the following cases: *Rosencrantz* v. *Rogers* (1871) 40 Cal. 489; *Herschfelt* v. *Knowles-Raymond etc. Co.* (1955) 130 Cal.App.2d 347 [279 P.2d 104]; *Mercantile Trust Co.* v. *Stockton etc. Co.* (1919) 44 Cal.App. 558 [186 P. 1049]. In addition, Ford and Goodyear claim that plaintiff's ignorance of the name of defendant "must be real and not feigned" and that "the fictitious defendant must have been a necessary or proper party in the mind of the plaintiff at the time his complaint was filed." (*Herschfelt* v. *Knowles-Raymond etc. Co.*, *supra*.)

On the other hand, where the name of a defendant is known to plaintiff, but is omitted from the complaint because plaintiff did not know of facts giving him a cause of action against such defendant, the defendant may be served and made a party under one of the fictitious names designated in the complaint. (*Larson* v. *Barnett* (1950) 101 Cal.App.2d 282 [225 P.2d 297].)

In support of this position are Chadbourn, Grossman and Van Alstyne in their authoritative work, California Pleading, Civil Actions, wherein at section 505 they state: "The better view, and the one most consistent with the purpose of the fictitious name statute, it is submitted, would permit the plaintiff to proceed under the statute where the failure to name the defendant in the complaint was due to ignorance of either his true name, or of the facts linking such defendant with the cause of action sued on. In either event the plaintiff would appear to be 'ignorant of the name of a defendant' within the spirit and letter of section 474, although for different reasons.

However, the case now before us differs materially from the factual situation upon which the decision in *Larson* v. *Barnett* (1950), *supra*, 101 Cal.App.2d 282 was based. In *Larson* the plaintiff knew the name of the defendant, but was ignorant of the facts that would give him a cause of action against such defendant at the time he filed suit. Here, the plaintiff at all times knew, (1) the true names of Ford and Goodyear, and (2) all of the facts that would give him his asserted cause of action against Ford and Goodyear. The plaintiff, in essence, agrees but states that he was unaware, at the time he filed suit, that these facts constituted a cause of action against Ford and Goodyear, and that he became aware of his alleged cause of action only by reason of decisions and textual writings subsequent to 1959. Hence, he contends, joining them under fictitious names was proper under section 474.

The issue now before this court is whether section 474 allows the original designation of a defendant by a fictitious name in a situation where plaintiff knew the true name of the defendant and knew all of the facts giving rise to a cause of action against him, but was unaware at the time of filing that he had such cause of action.

Some help in this regard is the case of *Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596 [15

Cal.Rptr. 817, 364 P.2d 681]. In *Austin,* plaintiffs brought an action against a securities corporation, some of its officers, and certain defendants sued under fictitious names, to recover securities and monies. The complaint made no distinction between those sued by their true names and those designated by fictitious names, alleged that "defendants" acted as brokers and agents for plaintiffs and refused to deliver securities and monies which they had received on behalf of plaintiffs. It was also alleged that defendants had filed a surety bond in the sum of $5,000 for the faithful performance of the duties of the securities corporation as a licensed broker. Plaintiffs averred that they did not know the true names of the defendants sued under fictitious names, and leave was asked to amend the complaint to show the true names when discovered. Subsequently, an amended complaint was filed with leave of court. It repeated substantially the allegations of the original complaint, substituted Massachusetts Bonding for one of the defendants designated by a fictitious name, and alleged that Massachusetts Bonding executed the surety bond. It will be noted that, in the original complaint, a cause of action was stated against the defendant designated by a fictitious name in whose place Massachusetts Bonding was later substituted, but the character of the legal obligation of Massachusetts Bonding alleged in the amended complaint was different from that set forth in the original complaint. The original complaint alleged that the "defendants" (which necessarily included those designated by fictitious names) were brokers for plaintiffs and refused to deliver securities and monies to which plaintiffs were entitled. There was no allegation that any of the defendants executed the surety bond or that any of them was being sued as a surety rather than as a principal. Thus the action against the fictitiously named defendant who was replaced by Massachusetts Bonding was one for refusal to deliver property as a principal, whereas in the amended complaint Massachusetts Bonding was sued as surety on the bond. The court held that, although the amended complaint stated a new cause of action as to Massachusetts Bonding, the amendment related back to the original complaint for purposes of the statute of limitations.

It appears to this court that what plaintiffs were allowed to do in *Austin* is not drastically different than what appellant is trying to do in the case now before us. While it is true that, in *Austin,* it does not appear that plaintiffs knew the true name of Massachusetts Bonding at the time they filed

the original complaint,[2] they were allowed upon the same facts pleaded in the original complaint to state a new cause of action which in fact existed at the time the original complaint was filed, but of which plaintiffs claimed to be unaware. In the present case, plaintiff knew the defendants whom he designated by fictitious names, and all the facts giving him a cause of action against them, but was unaware of having such a cause of action.

We hold that, under the facts in the case before us, plaintiff could sue and serve both Ford and Goodyear by fictitious names pursuant to section 474 of the Code of Civil Procedure.

The order quashing service of summons on Ford and on Goodyear is reversed. In light of this action, appellant's request to take additional testimony in this court is moot; the request is therefore denied.

Burke, P. J., and Jefferson, J., concurred.

Petitions for a rehearing were denied May 29, 1963, and June 3, 1963, and the petitions of appellant and of respondents for a hearing by the Supreme Court were denied July 10, 1963.

[2]Inasmuch as the bond was on file as a public record, it would seem that the plaintiffs in *Austin* were chargeable with knowledge of the identity of the surety.