William Andrew POWELL, Plaintiff,

v.

The COFFEE BEANERY, LTD., Defendant.

Civil Action No. 96–40202.
Companion Case No. 96–40087.

United States District Court,
E.D. Michigan,
Southern Division.

May 7, 1997.

Jonathan D. Rapore, Eric G. Stockel, Rapore & Lowe, Santa Monica, CA, for plaintiff.

Stanford P. Berenbaum, Honigman, Miller, Schwartz & Cohn, Detroit, MI, for defendant.

### *OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE MORGAN'S FEBRUARY 12, 1997 ORDER*

GADOLA, District Judge.

On February 21, 1996, plaintiff William Andrew Powell ("Powell") filed an action in Los Angeles Superior Court against defendant, The Coffee Beanery Ltd. ("TCB"), alleging two counts: negligent misrepresentation (Count I) and a violation of § 31119 of the California Franchise Investment Law ("CFIL") (Count II). TCB subsequently removed the action to the United States District Court for the Central District of Florida, and on April 26, 1996, the action was transferred to this court.

On July 31, 1996, this court entered summary judgment for TCB on the second count of Powell's complaint, a claim for relief under § 31119 of the CFIL. This court found that claim to be barred by the applicable statute of limitations.[1]

On December 12, 1996, Powell filed a motion to amend his complaint. Specifically, Powell sought leave to add Count II, a claim under § 31201 of the CFIL (" § 31201 claim")[2] Count III, a claim for breach of

---

1. On February 27, 1997, this court also granted partial summary judgment in favor of TCB on Count I of Powell's complaint.

2. Section 31201 of the CFIL makes it "unlawful for any person to offer or sell a franchise in this state [California] by means of any written or oral communication not enumerated in Section 31200 which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statement made,

contract and Count IV, a claim under § 20020 of the CFIL. In regard to Count II, Powell sought not only to bring such a claim against TCB, but also against two new defendants, TCB's owners, JoAnn and Julius Shaw ("the Shaws").[3]

This court referred Powell's motion to amend to Magistrate Judge Virginia M. Morgan pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). Judge Morgan held a hearing on the matter on February 11, 1997. On February 12, 1997, Judge Morgan issued an Order granting in part and denying in part Powell's motion to amend his complaint. In particular, she allowed Powell to amend his complaint to include his § 31201 claim (Count II) against TCB and the Shaws, but denied Powell's motion to amend to add Counts III and IV.

On February 26, 1997, TCB filed objections to the part of Judge Morgan's February 12, 1997 Order that grants Powell leave to amend his complaint to add Count II, a § 31201 claim against TCB and the Shaws. TCB argues that Judge Morgan's ruling allowing Powell to so amend his complaint is contrary to law because the amendment is futile. *Thiokol Corp. v. Department of Treasury, Revenue Div.*, 987 F.2d 376, 383 (6th Cir.1993) ("This Circuit has addressed the issue of 'futility' in the context of motions to amend, holding that where a proposed amendment would not survive a motion to dismiss, the court need not permit the amendment.") (citation omitted). TCB asserts that Powell's claim against TCB and

the Shaws fails as a matter of law because it is insufficiently pled. According to TCB, the § 31201 claim was not pled with particularity, as required by Federal Rule of Civil Procedure 9(b). TCB also contends that in addition to not having been properly pled, Powell's claim against the Shaws fails for another reason. TCB insists that such a claim against these two new defendants is barred by the applicable statute of limitations. Each objection will be addressed seriatim.

### JUDGE MORGAN'S FEBRUARY 12, 1997 ORDER WAS NOT CONTRARY TO LAW INSOFAR AS IT GRANTED POWELL LEAVE TO AMEND HIS COMPLAINT TO ADD A § 31201 CLAIM AGAINST TCB

One of TCB's objections is that Powell's § 31201 claim against TCB and the Shaws fails as a matter of law because it was not pled in accordance with federal pleading rules, to wit: Federal Rule of Civil Procedure 9(b).[4] TCB asserts that since it was not pled properly, Powell should not be allowed to amend his complaint to include a § 31201 claim. According to TCB, such an amendment would be futile.

For the reasons that Judge Morgan stated on the record at the February 11, 1997 hearing, this court finds that Powell has met the requirements of Federal Rule of Civil Procedure 9(b) in pleading his § 31201 claim. At Count II of his first amended complaint, Powell delineates with particularity the state-

---

in the light of the circumstances under which they were made, not misleading." Section 31301 makes any person who violates Section 31201 "liable to any person (not knowing or having cause to believe that such statement was false or misleading) who, while relying upon such statement shall have purchased a franchise, for damages, unless the defendant proves that the plaintiff knew the facts concerning the untruth or omission or that the defendant exercised reasonable care and did not know, (or if he had exercised reasonable care would not have known) of the untruth or omission."

**3.** According to Powell, the Shaws are potentially liable pursuant to § 31302 of the CFIL, which provides as follows:

Every person who directly or indirectly controls a person liable under Section 31300 or

31301, every partner in a firm so liable, every principal executive officer or director of a corporation so liable, every person occupying a similar status or performing similar functions, every employee of a person so liable who materially aids in the act or transaction constituting the violation are also liable jointly and severally with and to the same extent as such person, unless the other person who is so liable had no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability is alleged to exist.

**4.** The facts of this case are fully set forth in this court's February 27, 1997 opinion and order granting defendant's motion for partial summary judgment. Therefore, the facts will not be discussed in this opinion and order.

ments constituting the basis of the alleged fraud.[5] He also generally avers the requisite state of mind, i.e. "special knowledge." This is all that Rule 9(b) requires.[6] Accordingly, this court affirms the part of Judge Morgan's Order that grants Powell leave to amend his complaint to add Count II against TCB because the amendment is not futile for the reason TCB alleges. In regard to the part of the February 12, 1997 Order granting Powell leave to amend to add a § 31201 claim against the Shaws, this court finds it to be contrary to law for the following reasons.

### JUDGE MORGAN'S FEBRUARY 12, 1997 ORDER WAS CONTRARY TO LAW INSOFAR AS IT GRANTED POWELL LEAVE TO AMEND HIS COMPLAINT TO ADD A § 31201 CLAIM AGAINST THE SHAWS

TCB's other objection is that Judge Morgan should not have allowed Powell to amend his complaint to add a claim under § 31201 of the CFIL against the Shaws. The claim against the Shaws, according to TCB, is barred by the applicable statute of limitations and does not relate back to the date of filing of the original complaint on February 21, 1996 under Federal Rule of Civil Procedure 15(c).

Powell's § 31201 claim against the Shaws is clearly time-barred unless it relates back. The relevant statute of limitations for a § 31201 claim is delineated at § 31304 of the CFIL. Section 31304 requires a plaintiff to bring a § 31201 claim "one year after the date of discovery by the plaintiff of the facts constituting such violation" or "two years after the violation upon which it is based." [7] Here, the alleged misstatements or omissions constituting the basis of the § 31201 claim were made over 2 years ago, in June 1994. And, Powell discovered the facts constituting the alleged § 31201 violation over a year ago, in August 1995.

In regard to whether the amendment relates back, Powell strenuously insists that it does. Under Federal Rule of Civil Procedure 15(c), an amendment relates back to the date of the original pleading when the law that provides the statute of limitations applicable to the action, in this case California law, permits relation back. Fed.R.Civ.P. 15(c).[8] *See also Lindley v. General Electric Co.,* 780 F.2d 797 (9th Cir.), *cert. denied,* 476 U.S. 1186, 106 S.Ct. 2926, 91 L.Ed.2d 554 (1986) (holding that California law governed the question of relation back, not federal law). Powell argues that under California law, specifically Section 474 of the California Civil Procedure Code, his § 31201 claim

**5.** Count II reads in relevant part as follows:

On or about June, 1994, and continuing thereafter, Robertson and Craig, as authorized agents of Defendant Coffee Beanery, without exercising reasonable care and holding themselves out as possessing superior knowledge on matters of site selection and having special information about the Santa Monica location did make the following untruthful statements to Powell: a) the Santa Monica street front location was a "great" and profitable site for a Coffee Beanery franchise; b) as proof of the area's potential, the nearby Starbuck's on Main Street was doing a greater volume of sales than any other Starbuck's store; c) the Coffee Beanery had plans to develop the Los Angeles market and open a significant number of new stores in the Los Angeles area; d) the Maine Street location had a great likelihood of success due to a large amount of foot traffic in the area; and e) it would be possible to build-out and open the Santa Monica store by December 1, 1994.

**6.** Federal Rule of Civil Procedure 9(b) provides, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall

be stated with particularity. Malice intent, knowledge, and other condition or mind of a person may be averred generally."

**7.** Section 31304 of the CFIL reads as follows:

No action shall be maintained to enforce any liability created under Section 31301 unless brought before the expiration of two years after the violation upon which it is based, expiration of one year after the discovery by the plaintiff of the facts constituting such violation, or 90 days after delivery of the franchisee of a written notice disclosing any violation of Section 31201 or 31202 which notice shall be approved as to form by the commissioner, whichever shall first expire.

**8.** Federal Rule of Civil Procedure 15(c) provides in pertinent part:

An amendment of a pleading relates back to the date of the original pleading when relation back if permitted by law that provides the statute of limitations applicable to the action.

against the Shaws relates back and is not time-barred.

### Section 474 of the California Civil Procedure Code

■ Section 474 of the California Civil Procedure Code ("the Doe statute" or "474") provides, in pertinent part:

> When the plaintiff is *ignorant of the name of a defendant,* he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly.

(emphasis added). Thus, under § 474, "when a complaint sets forth a cause of action against a defendant designated by a fictitious name because the plaintiff is genuinely ignorant of his name or identity, and his true name thereafter is discovered and substituted by amendment, he is considered a party to the action from its commencement so that the statute of limitations stops running as of the date the original complaint was filed." *General Motors Corp. v. Superior Court et al.,* 48 Cal.App.4th 580, 589, 55 Cal.Rptr.2d 871 (Cal.App.1996).[9]

■ "The purpose of the fictitious name statute (Code Civ. Proc. § 474) statute is to enable plaintiff to commence suit in time to avoid the bar of the statute of limitations where he is ignorant of the identity of the defendant." *Barnes v. Wilson,* 40 Cal. App.3d 199, 202, 114 Cal.Rptr. 839 (1974). To accomplish that purpose, courts interpret the phrase "ignorant of the name of a defendant" in a broad, non-literal fashion. A plaintiff is deemed "ignorant of the name of the defendant" within the meaning of § 474 not only in those situations in which he or she does not know the true identity of the proper party to be sued. A plaintiff is also considered to be "ignorant of the name of the defendant" when he or she knows the identity of the person, but is ignorant of the facts giving him or her a cause of action against such person. *Wallis v. Southern Pacific*

*Transportation Co.,* 61 Cal.App.3d 782, 785, 132 Cal.Rptr. 631 (Cal.App.1976) (citations omitted).

### Powell Was Not Ignorant of the Name of the Shaws, As That Term Is Used in the Doe Statute

■ Powell contends that he has met the test that would enable him to add the Shaws as defendants in place of Does One and Two, and for his § 31201 claim against the Shaws to relate back under the Doe statute. First, he argues that he pled ignorance of the names of the defendants potentially liable to him (i.e., the Shaws) at Paragraph Three of his original complaint, consistent with the requirement of the Doe statute that a plaintiff disclose his ignorance of the name of a defendant in his complaint. Paragraph Three reads as follows:

> Plaintiff is *unaware of the true identity and capacity of each of the defendants* named herein as Does 1 through 20, inclusive. Plaintiff will seek to amend this Complaint to state the name and capacities of said Doe defendants when ascertained. Plaintiff is informed and believes and on that basis alleges that *each of said Doe defendants committed, was responsible for and contributed to the acts hereinafter alleged* and that *Plaintiff's damages were proximately caused by the acts and omissions of said fictitious defendants.*

(emphasis added). Next, Powell maintains that at the time he filed his original complaint, he truly was "ignorant of the names of the defendant[s]," as that phrase is used in § 474. While he was aware of the identity of the Shaws (i.e. officers of TCB), and was cognizant of the facts which gave rise to his cause of action against them (i.e., alleged false statements were made in connection with his purchase of the Santa Monica franchise), he did not understand the legal significance of the known facts. In other words, Powell claims that he was ignorant of the name of the defendant Shaws at the time he instituted this action because he did not

---

9. *General Motors,* 48 Cal.App.4th 580, 55 Cal. Rptr.2d 871, provides an excellent discussion of the evolution of § 474.

know that the facts would give rise to a claim under § 31201.

In support of his position Powell cites the case of *Johnson v. Goodyear Tire & Rubber Co.,* 216 Cal.App.2d 133, 137–39, 30 Cal.Rptr. 650 (Cal.App.1963). In *Johnson,* plaintiff instituted a lawsuit against Culver Motors, a dealer in Ford automobiles, and Does One through Ten for injuries suffered in an automobile accident. The suit was commenced in 1959. In 1962, plaintiff learned for the first time of a possible breach of warranty claim against the manufacturer of his vehicle, Ford Motor Company ("Ford") and the manufacturer of his vehicle's tires, Goodyear Tire & Rubber Company ("Goodyear"). By the time he learned of the breach of warranty claim, however, the statute of limitations for such an action against these two defendants had expired. Nevertheless, Johnson filed a motion to amend his complaint to name Ford and Goodyear in place of Does One and Two, and to add a breach of warranty claim against them.

The court in *Johnson* permitted plaintiff to amend his complaint by adding the breach of warranty claim against these two manufacturers. And, the court found that these claims related back to the date the complaint was originally filed under § 474. Although the plaintiff knew in 1959 of the existence, whereabouts, identity and names of the manufacturers as well as the facts which gave rise to his breach of warranty claim, he was ignorant at that time of the legal import of such facts. It was only by reason of decisions and textual writings subsequent to the date he commenced his action in 1959, that he became mindful of his possible breach of warranty claims against Ford and Goodyear. *Id.* at 137, 30 Cal.Rptr. 650. For it was not until after 1959 that the Supreme Court "swept aside the metaphysics of the 'privity concept' and adopted strict liability for product injuries." Hogan, *California's Unique Doe Defendant Practice: A Fiction Stranger Than Truth,* 30 Stan. L.Rev. 51, 67–69 (1977). The court held that plaintiff was truly "ignorant of the name of a defendant" within the spirit and letter of § 474 because he could not have brought his breach of

warranty claim against these two defendants in the first instance. The court found the situation in *Johnson* analogous to situations in which a plaintiff is compelled to bring an action against fictitious (Doe) defendants within the statutory period because at that time, he or she is ignorant of either the true name of the defendant or the facts giving rise to a cause of action against the defendant. *See also Dabney v. Shippey,* 40 Cal.App.3d 990, 993, 115 Cal.Rptr. 526 (Cal.App.1974) (interpreting the Doe statute so as to provide for relation back when plaintiffs, after filing their complaint, "conceived a new legal theory supporting such a cause of action against [defendants]"); *Barnes v. Wilson,* 40 Cal. App.3d 199, 206, 114 Cal.Rptr. 839 (Cal.App. 1974) (holding that plaintiff's amendment adding named defendants for Doe defendants and adding a new cause of action for negligent furnishing of alcoholic beverages related back to the date of filing of the original complaint where no cause of action for negligent furnishing of alcoholic beverages against the named defendants existed until eight months after the original complaint was filed).

Powell's reliance on *Johnson* is clearly misplaced. *Johnson* is an extreme aberration and highly distinguishable from the case *sub judice.* Unlike *Johnson,* at the time Powell filed his original complaint he had the ability to bring the § 31201 claim against the Shaws that he now purports to add via an amendment. Powell's ignorance was of existing law because § 31201 had been for a long time in force and effect. This statutory provision was passed by the California Legislature in 1970, and became effective January 1, 1971.[10] Thus, the instant case is entirely different from *Johnson,* in which the plaintiff was not ignorant of existing law at the time he filed his complaint, but rather was ignorant of a change in the law that occurred *after* he filed his original complaint.

Aside from being ignorant of the legal significance of the known facts, Powell, otherwise cannot claim that he was ignorant of his cause of action against the Shaws. Powell conceded that at the time he filed *this* lawsuit, he was aware of the "true identity

10. Likewise, § 31301 was also passed in 1970 and became operative January 1, 1971.

and capacity" of the Shaws. He knew that the Shaws were officers of TCB, and indeed he had dealt with them in their official capacity before filing suit. Specifically, Powell executed Franchise Agreements on February 16, 1993 and February 1, 1994 which were signed by "JoAnn Shaw, Its [TCB's] President." Moreover, he cannot in good-faith claim that he did not know of the facts which allegedly triggered liability under § 31201 (and § 31302) against the Shaws at the time he filed his original complaint in February, 1996. *Wallis v. Southern Pacific Transportation Co.*, 61 Cal.App.3d 782, 786, 132 Cal. Rptr. 631 (1976) (discussing that one must plead "ignorance of the defendant" in good-faith). Powell learned of the alleged misstatements and omissions giving rise to the § 31201 claim in 1995. In fact, Paragraph 25 of his proposed first amended complaint makes allegations about an alleged conversation he had with JoAnn Shaw, "president of Coffee Beanery," in the spring of 1995. Powell's only ignorance at the time of filing his complaint was that he did not know the legal significance of the facts. Such an excuse does not provide for relation back under § 474. If it did, then the intent of the California Legislature would undoubtedly be frustrated. Through artful pleading, specifically by naming Doe defendants in a complaint as Powell has done in this case, any plaintiff could circumvent the applicable statute of limitations expressed at § 31304. Section 31304 unequivocally mandates that all § 31201 claims be brought against a defendant within one year after discovering the *facts* constituting the § 31201 violation, not one year after discovering the *legal significance* of the facts. *See e.g., Kemper v. Merle Norman Cosmetics, Inc.*, No. 92–55974, 1994 WL 6601, at *5 (9th Cir., Jan.10, 1994) (holding that a similar CFIL statute of limitations, § 31303, started upon the discovery of the facts constituting the violation, not their legal significance). In sum, this court finds that Powell was not ignorant of the name of defendants JoAnn and Julius Shaw, within the meaning of the Doe Statute. Consequently, Powell cannot rely on § 474 for relation back of his § 31201 claim against the Shaws. Since this claim is time-barred under § 31304 and does not relate back, a motion to amend to add such a claim against the Shaws would be futile and must be denied.

For the foregoing reasons, this court affirms in part and vacates in part Judge Morgan's February 12, 1997 Order. In particular, this court affirms the part of that Order granting Powell leave to amend his complaint to add Count II against TCB. This court also affirms the part of that Order denying Powell leave to amend to add Counts III and IV. This court, however, vacates the part of that Order granting Powell leave to amend his complaint to add Count II against the Shaws.

## ORDER

Therefore, it is hereby **ORDERED** that the Coffee Beanery, Ltd.'s objections to the part of Magistrate Judge Virginia M. Morgan's Order dated February 12, 1997 that grants William Powell's motion to amend complaint to add Count II is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that the part of the February 12, 1997 Order that grants William Powell's motion to amend to add Count II against JoAnn and Julius Shaw is **VACATED.**

**IT IS FURTHER ORDERED** that the part of the February 12, 1997 Order that grants William Powell's motion to amend to add Count II against the Coffee Beanery, Ltd. is **AFFIRMED.**

**IT IS FURTHER ORDERED** that the part of the February 12, 1997 Order that denies William Powell's motion to amend to add Counts III and IV is **AFFIRMED.**

**IT IS FURTHER ORDERED** that plaintiff's first amended complaint filed on March 11, 1997 be stricken from the record. Plaintiff shall file an amended complaint consistent with this opinion and order.

**SO ORDERED.**