Filed 6/24/25  Quintero v. Kadakia CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| DEBORAH QUINTERO et al., | |
| Plaintiffs and Appellants, | G063413 |
| v. | (Super. Ct. No. 30-2020-01174475) |
| NIMISH KADAKIA, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a summary judgment of the Superior Court of Orange County, Randell L. Wilkinson, Judge (Retired Judge of the Orange Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) and Richard J. Oberholzer, Judge (Retired Judge of the Kern Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.). Reversed and remanded.

Steven B. Stevens, Steven B. Stevens; Blumberg Law Corporation and John P. Blumberg for Plaintiffs and Appellants.

La Follette, Johnson, DeHaas, Fesler & Ames, Dennis K. Ames, Robert J. Iacopino and Danielle M. VandenBos for Defendant and Respondent.

Plaintiffs Deborah and Edward Quintero challenge the trial court's summary judgment dismissal of their medical malpractice claims against Nimish Kadakia.[1] The court found plaintiffs' claims against Kadakia time barred because they substituted Kadakia for a Doe defendant after the limitations period had run. It concluded that Code of Civil Procedure section 474 (section 474) did not allow their claims to relate back to their original complaint because they had not shown new facts justifying the late amendment. We agree with plaintiffs that a triable issue exists as to whether their claims related back to their original complaint because newly discovered facts satisfied the statute's requirements. We therefore reverse the judgment.

FACTS

Deborah was hospitalized in early December 2019 with severe pain in her right leg and numbness in her foot. Over the next several days, she was examined and treated by numerous medical personnel. After doctors saw signs of various neurological issues, Deborah underwent spinal surgery. Despite the surgery, Deborah continued to experience leg pain and displayed foot drop, leading one doctor to suspect compartment syndrome.[2]

Kadakia, an orthopedic surgeon, examined Deborah next. He observed that though she reported pain in her calf muscle, there was no swelling, she had full range of motion, and all compartments were soft. Based

---

[1] Because plaintiffs share a last name, we refer to Deborah using her first name.

[2] Compartment syndrome occurs when trauma causes swelling within a confined compartment of muscle and nerve. The increased pressure restricts blood flow, which, unless treated promptly, leads to tissue death. (*Muller v. Fresno Community Hospital & Medical Center* (2009) 172 Cal.App.4th 887, 891, fn. 1.)

on his examination and test results, Kadakia diagnosed a pinched nerve in the lower back and inflammation of the muscles. He saw no evidence of compartment syndrome. Deborah was discharged to a skilled nursing facility the next day.

About two weeks later, Deborah returned from the nursing facility to the hospital with worse symptoms. Her right leg was cold and discolored and she reported having lost sensation below the knee several days earlier. Deborah's leg was amputated below the knee due to gangrene.

Plaintiffs filed this medical malpractice action against the nursing facility, a doctor there, and numerous Doe defendants. They did not name Kadakia.

Plaintiffs amended their complaint 16 months later to substitute Kadakia for a Doe defendant. They later filed an amended complaint adding allegations that during Deborah's initial hospitalization, she "exhibited signs and symptoms in her right calf that required a thorough workup that would have disclosed a compartment syndrome," yet Kadakia "negligently failed to perform a thorough workup and failed to make the diagnosis."

Kadakia moved for summary judgment, claiming the one-year statute of limitations under Code of Civil Procedure section 340.5 barred plaintiffs' claims against him. Anticipating plaintiffs' argument, he contended the amendment did not relate back to plaintiffs' original complaint under section 474 because they had not discovered any new facts: at the time of the original complaint, plaintiffs were aware of his identity and involvement in Deborah's care.

In opposition, plaintiffs argued they were entitled to relation back under section 474 because they learned new facts about Kadakia's negligence after filing the original complaint. They submitted declarations

from their attorneys: John Blumberg and Fred Bongard. According to the declarations, after plaintiffs contacted counsel, Bongard, who was a retired vascular surgeon, reviewed Deborah's medical records. Bongard was unconvinced of any negligence during Deborah's first hospitalization, believing the evidence at the time suggested a neurological problem, rather than a vascular one. But he concluded that the nursing facility and its staff had been negligent.

Plaintiffs' counsel later learned that another defendant's experts asserted negligence by hospital doctors. This prompted counsel to consult with a vascular surgeon, "who opined about the negligence of doctors during the first hospitalization." Based on this consultation, counsel now believed that Kadakia had been negligent, leading to the Doe amendment.

The trial court (Judge Randell L. Wilkinson) granted Kadakia's motion for summary judgment. The court concluded that the Doe amendment did not relate back to the original complaint, reasoning that plaintiffs provided no evidence that they had been unaware of the facts establishing Kadakia's alleged liability. It stated plaintiffs provided "no citation to specific new evidence showing a new *fact* was obtained" and no "declaration of the expert consulted." The court (Judge Richard J. Oberholzer) later entered judgment for Kadakia.

DISCUSSION

Plaintiffs contend the trial court erred by granting summary judgment because there is a triable issue as to whether they satisfied section 474's requirements. We agree.

"A party is entitled to summary judgment only if there is no triable issue of material fact and the party is entitled to judgment as a matter of law. . . . A triable issue of fact exists if the evidence would allow a

4

reasonable trier of fact to find the fact in favor of the party opposing summary judgment. [¶] We review the trial court's ruling on a summary judgment motion de novo, liberally construe the evidence in favor of the party opposing the motion, and resolve all doubts concerning the evidence in favor of the opponent." (*Grebing v. 24 Hour Fitness USA, Inc.* (2015) 234 Cal.App.4th 631, 636–637 (cleaned up).)

Under section 474, "[w]hen the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint . . . and when his true name is discovered, the pleading or proceeding must be amended accordingly." The question is only what the plaintiff knew, not what he or she could or should have known. (*Hahn v. New York Air Brake LLC* (2022) 77 Cal.App.5th 895, 900.) Generally, a plaintiff's compliance with section 474 is a factual question for the jury. (*McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 947 (*McOwen*).)

If the statute's requirement is met, the amendment relates back to the original complaint and the newly named defendant is deemed to have been a party from the commencement of the action.[3] (*Fuller v. Tucker* (2000) 84 Cal.App.4th 1163, 1170.)

Although the statute refers only to a defendant's name, amendment is permissible even if the plaintiff knew the new defendant's identity but was "'ignorant of the facts giving him a cause of action'" against

---

[3] A threshold issue, before reaching the question of relation back, is whether the amendment itself is proper. An amendment under section 474 generally requires leave and is subject to the court's discretion. (*Johnson v. Goodyear Tire & Rubber Co.* (1963) 216 Cal.App.2d 133, 136; Weil et al., Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2024) ¶¶ 6:611–614.) Here, the propriety of the underlying amendment is not challenged on appeal.

that person. (*Marasco v. Wadsworth* (1978) 21 Cal.3d 82, 88; accord, *McOwen, supra,* 153 Cal.App.4th at p. 943.) Courts have also held that new facts permitting a Doe amendment under the statute can include an expert's opinion on deviation from the standard of care. (*McOwen,* at p. 947; *General Motors Corp. v. Superior Court* (1996) 48 Cal.App.4th 580, 597–598 & fn. 16.) For example, in *McOwen*, the plaintiff substituted a doctor for a Doe defendant after learning from an expert that the doctor's failure to order an angiogram fell below the standard of care. (*McOwen,* at pp. 940–941.) The appellate court found a triable issue as to whether section 474 applied, as the plaintiff was unaware of facts supporting the doctor's liability until obtaining the expert opinion. (*Id.* at pp. 944–945.)

The same analysis applies here. Plaintiffs' evidence suggests they were initially unaware that Kadakia's performance was substandard, instead believing the initial hospitalization record suggested Deborah's issues were neurological rather than vascular. According to counsel's declarations, after consulting a new expert who opined about negligence by doctors during the initial hospitalization, they believed Kadakia had been negligent, leading to the Doe amendment. In the context of the amended complaint's allegations, it is reasonable to infer from the declarations that the expert said Kadakia should have performed additional tests, which would have revealed compartment syndrome.[4] These newly revealed facts satisfied section 474. (*McOwen, supra,* 153 Cal.App.4th at p. 947; *General Motors Corp. v. Superior Court, supra,* 48 Cal.App.4th at pp. 597–598 & fn. 16.)

---

[4] As noted, the amended complaint alleged that Deborah's symptoms "required a thorough workup that would have disclosed a compartment syndrome" but that Kadakia failed to perform the necessary workup.

6

We decline Kadakia's invitation to hold *McOwen* was wrongly decided. He asserts that the plaintiff there identified only a new "theory" based on known facts—that the doctor did not order an angiogram—rather than any new facts satisfying section 474. We disagree. A medical malpractice plaintiff must prove that the defendant breached the duty of care, meaning he or she failed "to use such skill, prudence, and diligence as other members of his [or her] profession commonly possess and exercise." (*Hanson v. Grode* (1999) 76 Cal.App.4th 601, 606.) Whether a defendant's conduct—for instance, failing to order a test—constitutes breach of the duty of care is a question of fact. (*Lawrence v. La Jolla Beach & Tennis Club, Inc.* (2014) 231 Cal.App.4th 11, 32.) So the expert opinion in *McOwen* disclosed a new fact: the doctor *should have* ordered an angiogram. (*McOwen*, *supra*, 153 Cal.App.4th at p. 941.) *McOwen* faithfully applied section 474. Accordingly, the trial court erred by granting summary judgment for Kadakia.

## DISPOSITION

The judgment is reversed and the matter is remanded for further proceedings consistent with this opinion. Plaintiffs are awarded costs on appeal.


SCOTT, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


DELANEY, J.