[Civ. No. 12912. Fourth Dist., Div. One. July 7, 1975.]

DOROTHY ELIZABETH NEULAND, Individually and as Executrix, etc., et al., Plaintiffs and Appellants, v. LORRAINE E. RUSSELL, as Executrix, etc., Defendant and Respondent.

**COUNSEL**

Ned Good, Ian Herzog and Al Schallau for Plaintiffs and Appellants.

Rutan & Tucker, Garvin F. Schallenberger and Alec J. Glasser for Defendant and Respondent.

**OPINION**

**AULT, J.**—This case, a wrongful death action, results from a private airplane crash which occurred on December 13, 1971. The plaintiffs, Dorothy Neuland, Richard Neuland, Paul Neuland, Timothy Neuland, Mary Anne Neuland and Anne Marie Neuland, are the widow and surviving children of Joseph Neuland, who is alleged to have been a passenger in the airplane and who died in the crash. William Russell is alleged to have piloted the airplane; he was also killed in the crash.

In the original complaint (filed Nov. 17, 1972) and in the first amended complaint (filed Dec. 12, 1972), the plaintiffs sought to recover $2 million from Lorraine E. Russell, executrix of the estate of William Russell, and others not involved in this appeal.

Mrs. Neuland, on behalf of herself and her children, had filed a timely creditor's claim in that amount against the Russell estate on July 12, 1972. The claim was rejected on July 20, 1972, and notice of rejection was mailed to Mrs. Neuland at the address she had listed on the claim. No notice of rejection was sent to the attorney known to be representing the Neuland estate, and his name did not appear on the claim which had been filed. The original complaint, filed November 17, 1972, was thus filed more than three months after service of notice of rejection of the claim.[1]

Mrs. Russell, as executrix of her husband's estate, demurred to the complaint on the ground the action was barred by Probate Code section 714, but since the defect (failure to file the complaint within three months after the claim was rejected) did not show on the face of the complaint, her demurrer was overruled. In July 1973 Mrs. Russell moved for summary judgment on the same ground. The hearing on the motion was continued to August 17.

In the interim, the Neulands, represented by new counsel, filed two motions: (1) for relief under Code of Civil Procedure section 473 from their failure to file the original complaint within the three months time period prescribed by Probate Code section 714, and (2) for permission to file a second amended complaint against the Russell estate based upon Probate Code section 721. That section permits an action against a decedent's estate without filing a prior creditor's claim provided the recovery sought is limited to the decedent's liability insurance coverage.[2] The proposed pleading which accompanied the motion to permit the filing of a second amended complaint named "The Estate of Russell" as an additional defendant and clearly and unequivocally reduced the amount of the recovery sought against the estate and its executrix to the amount of the insurance coverage ($50,000).

On August 10, 1973, after denying the Neulands' motion under Code of Civil Procedure section 473, the superior court granted them leave to file the proposed second amended complaint, and the pleading was in

---

[1]Probate Code section 714 provides in pertinent part: "When a claim is rejected either by the executor or administrator or by the judge, written notice of such rejection shall be given by the executor or administrator to the *holder of the claim or to the person filing or presenting it,* and the holder must bring suit in the proper court against the executor or administrator, *within three months after the date of service of such notice* if the claim is then due, or, if not, within two months after it becomes due; *otherwise the claim shall be forever barred.*" (Italics added.)

[2]Probate Code section 721 is set out in full in Appendix "A" to this opinion.

fact filed that day. Nevertheless, on August 17, 1973, the same court granted the motion for summary judgment as to Lorraine E. Russell, executrix of the estate of William Russell, apparently on the ground the action was barred by Probate Code section 714 since the complaint had not been filed within three months after notice of rejection of the creditor's claim.

Appealing from the judgment the Neulands raise issues which fall into two categories. In the first group are issues which relate to compliance with Probate Code section 714, including a challenge to its constitutionality, a claim of waiver and estoppel, an assertion of substantial compliance with its requirements, and the contention the request for relief from default should have been granted under Code of Civil Procedure section 473. The second group of issues raised relates to the propriety of the summary judgment granted in favor of Lorraine E. Russell, as executrix of the Russell estate.

█ It is unnecessary to consider any of the issues in the first category relating to Probate Code section 714. By proposing, requesting to file, and filing the second amended complaint based upon Probate Code section 721, appellants not only limited their right of recovery against the estate and its executrix to the amount of decedent's liability insurance coverage ($50,000), but they also effectively removed from consideration any requirement of filing a claim against the estate and any need to comply with the time requirements of Probate Code section 714 in filing their complaint. With a few minor exceptions not applicable here, an amended pleading furnishes the sole basis of the cause of action. The prior pleadings are superseded, cease to perform any function as pleadings, and cannot be looked to as defining any of the issues to be tried. (*Epstein* v. *Stahl,* 176 Cal.App.2d 53, 65 [1 Cal.Rptr. 143]; *Wright* v. *Rogers,* 172 Cal.App.2d 349, 360-361 [342 P.2d 447]; *Terry* v. *Bender,* 143 Cal.App.2d 198, 205 [300 P.2d 119].)

Although the second amended complaint is based upon the same acts giving rise to liability as were alleged in the former pleadings, and thus states no new cause of action against the estate and its executrix, it was obviously framed to bring the action against them within the ambit of Probate Code section 721. Issues concerning compliance with claim statutes, including Probate Code section 714, which might have been raised under the former pleadings, are not applicable to the second amended complaint. That pleading now stands as the sole basis upon which appellants seek recovery against the estate and its representative.

We are unable to tell from the record the basis upon which the trial court granted the motion for summary judgment in favor of Lorraine E. Russell, executrix of the estate of William Russell. If the motion was granted because of failure to comply with Probate Code section 714, the ruling, made after the second amended complaint was filed, was erroneous. As previously noted, the second amended complaint superseded the previous pleadings and eliminated any need for compliance with Probate Code section 714.

■ If the summary judgment was granted in favor of the executrix because Probate Code section 721 states that an action under that section "shall name as the defendant 'Estate of (name of decedent), Deceased.' ", the ruling was likewise erroneous. The statute goes on to say the proceedings shall be conducted in the same manner as if the action were against the personal representative and that, for good cause, the court may upon its own motion, or upon motion of an interested party, order the *appointment* of a personal representative and his *substitution* as the defendant. Obviously, the provision for naming the "estate" as the defendant is intended to take care of the situation where the decedent has no personal representative when the action is filed. Where, as here, a personal representative has previously been appointed and an action under Probate Code section 721 is filed by leave of court against both that representative and the "estate" of the decedent, the two defendants are really one and the same. The personal representative, previously named as a defendant in the lawsuit, was a proper party defendant in the second amended complaint and the summary judgment should not have been granted.

The judgment appealed from is reversed.

Brown (Gerald), P. J., and Coughlin, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

## APPENDIX "A"

Probate Code section 721 reads as follows:

"(a) Notwithstanding any other provision of law. the presentation or filing of a claim shall not be required and a civil action may be maintained by a claimant to establish. to the limits of the insurance protection only, a liability of the decedent for which the decedent was protected by liability insurance.

"(b) The claimant shall file a verified petition in the superior court of the county in which the administration of the estate is pending. or if none is pending. in the superior court of the county in which administration may be had as provided in Section 301. alleging (1) the nature and amount of his claim, (2) the decedent was protected. in whole or in part. by liability insurance with respect thereto. (3) the interests of the estate will not be prejudiced, and (4) any recovery in such action by the claimant will be limited solely to the decedent's insurance protection. The court. upon such hearing and notice. if any, as it may order. shall grant leave to the claimant to file such action. unless it finds that the interests of the estate will be prejudiced thereby. However. if it appears that the insurer denies coverage or admits liability only conditionally or with reservation. the court may deny leave to the claimant to file such action.

"(c) The action by the claimant shall name as the defendant "Estate of (name of decedent). Deceased." Summons shall be served upon a person designated in writing by the insurer or. if none. upon the insurer. Further proceedings shall be in the name of the estate. but otherwise shall be conducted in the same manner and have the same effect as if the action were against the personal representative. For good cause. the court in which the civil action is pending. upon motion of an interested person or upon its own motion. may order the appointment of a personal representative and his substitution as the defendant.

"(d) The insurer may deny or otherwise contest its liability by cross-complaint in the action or by an independent action against the claimant. but the judgment on the cross-complaint or in the independent action shall not adjudicate rights of persons who are not parties.

"(e) A judgment in favor of claimant in an action pursuant to this section shall be enforceable only from the insurance protection and shall not create a lien upon real or other property of the estate.

"(f) The remedies of this section are cumulative. and may be pursued concurrently with other remedies."