[Civ. No. 38288. First Dist., Div. Three. Sept. 8, 1976.]

DOUGLAS R. WALLIS, Plaintiff and Appellant, v.
SOUTHERN PACIFIC TRANSPORTATION CO.,
Defendant and Respondent.

**COUNSEL**

Jewel, Boxer & Elkind, John P. McCullough and Peter F. Elkind for Plaintiff and Appellant.

Knox, Ricksen, Snook, Anthony & Robbins and Ronald J. Souza for Defendant and Respondent.

**OPINION**

**SCOTT, J.**—Douglas R. Wallis appeals from an order dismissing his complaint with prejudice after the granting of a motion to strike the complaint. The pleadings disclose that on May 15, 1975, Wallis filed a complaint for personal injuries, naming as defendants "Doe One

through Doe Twenty." The complaint alleged that by reason of the negligent manufacture, operation and maintenance of certain equipment by the Does, Wallis sustained personal injuries on August 7, 1974. The complaint was served on respondent, Southern Pacific Transportation Company, as Doe One on August 7, 1975. On September 23, 1975, respondent filed a motion to strike the complaint, contending that it could not be properly served as a Doe under California Code of Civil Procedure section 474, and that Wallis' cause of action was barred by the statute of limitations in that the action had not been commenced within one year from August 7, 1974. (Code Civ. Proc., § 340, subd. 3.) It is from the granting of that motion and subsequent dismissal that Wallis appeals.

The motion to strike the complaint was supported by an affidavit of the attorney for respondent, who declared that he was "informed and believes" that Wallis and/or his attorney knew of respondent's existence since both had lived and worked in the East Bay for some time; that Wallis' injury was sustained when he was operating a door on a railroad car; that the existence of defendant as a potential defendant therefore was known or could have been ascertained through information easily available to Wallis on or before the filing of his complaint. The counterdeclaration to the motion came from Wallis' attorney, who declared that from the time he was retained in May 1975 through and including the time of the filing of the complaint, neither he nor Wallis knew the proper defendant to name in the lawsuit; that he was informed that the injury was sustained by reason of a defective door on a boxcar of a railroad; that neither he nor Wallis knew or had a source of information available to know the owner of the boxcar or the name of the entity which had the responsibility for maintenance and control of the boxcar; that an investigator's report of July 30, 1975, disclosed the information that respondent was the proper party to bear responsibility for the accident; that he immediately thereafter caused respondent to be served as Doe One.

 We conclude that the trial court erred in granting respondent's motion to strike the complaint for two reasons, as hereinafter discussed.

1. Code of Civil Procedure section 474 provides in relevant part as follows: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accor-

dingly." ■ The purpose of the statute is to enable a plaintiff to commence an action before it has become barred by the statute of limitations due to plaintiff's ignorance of the identity of the defendant (*Dabney* v. *Shippey* (1974) 40 Cal.App.3d 990, 993 [115 Cal.Rptr. 526]), and the statute should be liberally construed to accomplish that purpose. (*Motor City Sales* v. *Superior Court* (1973) 31 Cal.App.3d 342, 345 [107 Cal.Rptr. 280].)

The phrase "ignorant of the name of a defendant" has not been interpreted literally. A plaintiff is "ignorant of the name" if he knows the identity of the person but is ignorant of the facts giving him a cause of action against such person. (*Barnes* v. *Wilson* (1974) 40 Cal.App.3d 199 [114 Cal.Rptr. 839]; *Breceda* v. *Gamsby* (1968) 267 Cal.App.2d 167 [72 Cal.Rptr. 832]; *Garrett* v. *Crown Coach Corp.* (1968) 259 Cal.App.2d 647 [66 Cal.Rptr. 590]; *Mishalow* v. *Horwald* (1964) 231 Cal.App.2d 517 [41 Cal.Rptr. 895]; *Johnson* v. *Goodyear Tire & Rubber Co.* (1963) 216 Cal.App.2d 133 [30 Cal.Rptr. 650]; see gen. 1 Chadbourn, Cal. Pleading, §§ 504-505, pp. 477-480.) Therefore the fact that Wallis and his attorney knew of respondent's existence at the time of the commencement of the action is not controlling. The question is whether he knew or reasonably should have known that he had a cause of action against respondent.

■ Even under the most liberal construction of section 474, it is established that the plaintiff's ignorance, whether of the defendant's true identity or of the facts giving rise to a cause of action, must be real and not feigned. (*Schroeter* v. *Lowers* (1968) 260 Cal.App.2d 695, 700 [67 Cal.Rptr. 270].) The question as to whether the plaintiff has acted in good faith in his use of section 474 rests primarily with the trial court. Appellate inquiry begins and ends with a determination of whether substantial evidence exists to warrant the trial court's finding. (*Breceda* v. *Gamsby, supra,* 267 Cal.App.2d at p. 176.)

■ Other than respondent's attorney's assertion on information and belief that Wallis knew or should have known a cause of action existed against respondent, the affidavit in support of the motion to strike contains no facts upon which the trial court could reasonably find that Wallis actually knew or should have known whom his cause of action was against. We hold that the assertion of respondent's attorney is inadequate in that it did not provide the trial court with substantial evidence to make its implied finding in support of its ruling. The counteraffidavit clearly sets forth the necessary facts to establish that

Wallis did not know who owned the boxcar or who was responsible for its maintenance at the time of the commencement of the action. Wallis has satisfied the basis for the filing of an action and service thereof against a fictitiously named defendant pursuant to Code of Civil Procedure section 474.

2. Secondly, we note that the complaint was served within the period of the statute of limitations. Upon discovery of the cause of action against respondent, Wallis could have filed a wholly new complaint which would not have been barred by the statute of limitations. Furthermore, within the limitation period Wallis could have filed a motion to amend the complaint, naming respondent as a party defendant, which would have tolled the running of the statute of limitations. (*Wiener* v. *Superior Court* (1976) 58 Cal.App.3d 525 [130 Cal.Rptr. 61].) Had Wallis pursued either of these avenues, the statute of limitations issue would not have arisen. To require Wallis to have done so would merely detract from the efficient administration of justice and exalt form over substance. Even if Wallis knew or should have known of his cause of action against respondent at the time of the filing of his complaint, his service of the complaint upon respondent within the period of the statute of limitations served to toll the running of the statute.

Judgment is reversed.

Brown (H.C.), Acting P. J., and Elkington, J.,* concurred.

*Assigned by the Chairman of the Judicial Council.