[Civ. No. 49083. Second Dist., Div. Five. July 29, 1977.]

HEIDE EKEN, Plaintiff and Respondent, v.
ARCHIE C. BOSWORTH, as Administrator, etc., et al.,
Defendants and Appellants.

**COUNSEL**

Kinkle, Rodiger & Spriggs and S. D. Smith for Defendants and Appellants.

Belli, Ashe & Choulos, Irmas, Simke & Chodos, Richard A. Fond and Roman M. Silberfeld for Plaintiff and Respondent.

La Follette, Johnson & Schroeter, John T. La Follette and Alfred W. Gerisch, Jr., as Amici Curiae on behalf of Plaintiff and Respondent.

## OPINION

**STEPHENS, J.**—Plaintiff-respondent Heide Eken and defendant-appellant Charles Roderick Bosworth were in an automobile accident which resulted in the death of Bosworth and injuries to Eken. On December 29, 1971, Eken sued Bosworth's estate (case No. WEC 24100). Eken had theretofore filed no claim in this estate, although her action WEC 24100 was filed within the authorized period from notice to creditors.[1]

The Probate Code was amended effective March 4, 1972, to include a remedy available to persons who have been injured by a decedent and for which insurance proceeds were available (Prob. Code, § 721).[2] As noted, this section became effective within the four-month period (January 27 to May 27) within which creditors' claims could be filed in the estate. The damages sought in case No. WEC 24100 exceeded the amount of coverage specified in decedent's insurance policy. An answer was filed in case No. WEC 24100 prior to the expiration of the period for filing of claims, raising the issue of failure to make a claim as a bar to the action. The answer was filed two days after the effective date of Probate Code section 721.

---

[1] The accident was on October 21, 1971. Probate of Bosworth's estate was commenced and notice to creditors (Prob. Code, §§ 700-702) commenced January 27, 1972, making filing of claims due on or before May 27, 1972 (Prob. Code, § 707).

[2] Probate Code section 721 in pertinent part reads:

"(a) Notwithstanding any other provision of law, the presentation or filing of a claim shall not be required and a civil action may be maintained by a claimant to establish, to the limits of the insurance protection only, a liability of the decedent for which the decedent was protected by liability insurance.

"(b) The claimant shall file a verified petition in the superior court of the county in which the administration of the estate is pending, or if none is pending, in the superior court of the county in which administration may be had as provided in Section 301, alleging (1) the nature and amount of his claim, (2) the decedent was protected, in whole or in part, by liability insurance with respect thereto, (3) the interests of the estate will not be prejudiced, and (4) any recovery in such action by the claimant will be limited solely to the decedent's insurance protection. The court, upon such hearing and notice, if any, as it may order, shall grant leave to the claimant to file such action, unless it finds that the interests of the estate will be prejudiced thereby. However, if it appears that the insurer denies coverage or admits liability only conditionally or with reservation, the court may deny leave to the claimant to file such action."

Following the filing of the answer which raised the defense of failure to file a claim in the estate, and without filing such a claim but after receiving the court's permission to file a new complaint, Eken filed a new complaint (No. WEC 27247) against the estate. In WEC 27247, Eken's prayer was limited to the amount of decedent's insurance coverage. The estate demurred to the second complaint, which was abated pending disposition of the first. The first, WEC 24100, was then dismissed, leaving WEC 27247 pending and at issue. The estate moved for summary judgment in WEC 27247, alleging that no claim had been filed in the estate. This motion was denied. Eken moved for partial summary judgment on the ground that a claim was not a prerequisite to proceeding on WEC 27247, and this motion was granted. Subsequently, trial was held and judgment was entered for Eken in the amount of $135,000.[3] This appeal followed.

*Discussion*

There is but one real issue and this centers around the interpretation of section 700 et seq. of the Probate Code, i.e., whether Eken was required to file a claim pursuant to section 700.[4]

As we have noted, prior to the expiration of the time period for filing of claims against the instant estate, section 721 became effective, permitting an action to be filed (within insurance limits) without the necessity of the filing of such a claim in the estate. We conclude that section 721 did not create a new cause of action and that it merely exempted certain claims from the requirement of having to be filed in an estate prior to maintaining a civil action to establish a decedent's liability within his insurance coverage.[5]

The case closest in point is *Neuland* v. *Russell,* 50 Cal.App.3d 1 [123 Cal.Rptr. 230], in which the court stated (at p. 5): "By proposing,

---

[3]Eken's present counsel did not enter the litigation picture until after the expiration of time for filing a claim in the estate. WEC 27247 specifically waived any recovery in excess of insurance coverage.

[4]The pertinent provision of section 700 states: "The executor or administrator . . . must cause to be published in some newspaper published in the county . . . a notice to the creditors of the decedent, requiring all persons having claims against the decedent to file them . . . or to present them, with the necessary vouchers, to the executor or administrator, at his residence or place of business, to be specified in the notice, within four months after the first publication of the notice."

[5]See also Probate Code section 714.

requesting to file, and filing the second amended complaint based upon Probate Code section 721, appellants not only limited their right of recovery against the estate and its executrix to the amount of decedent's liability insurance coverage . . . but they also effectively removed from consideration any requirement of filing a claim against the estate and any need to comply with the time requirements of Probate Code section 714 in filing their complaint. With a few minor exceptions not applicable here, an amended pleading furnishes the sole basis of the cause of action. The prior pleadings are superseded, cease to perform any function as pleadings, and cannot be looked to as defining any of the issues to be tried. [*Citations.*]"

Appellant would have us treat section 721 as creating a new cause of action, urging that any liability had "vested" as of the time of the accident. There is no merit to this contention, for the authorization to sue necessitated by section 721 does not change the party responsible, i.e., decedent, to the insurance company. The action must still be brought against decedent, though by way of his estate. The sole difference is that decedent, by way of his estate, may be liable only to the extent of insurance coverage, i.e., the estate itself cannot be reduced by virtue of the action of any judgment.

Probate Code section 721, so far as this facet of the discussion is concerned, is nothing more than a legislative edict that no claim need be filed under the circumstances. The true effect is to extend the time within which to seek recovery[6] from decedent, by way of suit, within the administrative purview of the estate, to one year—the same statute of limitation applicable had the decedent not died. (Code Civ. Proc., § 340.)[7] This rationale dictates the conclusion that section 721 need not be retroactive in its application to effectuate the viability of Eken's lawsuit. ▆ Legislation extending a period of limitation applies to existing causes of action which are not yet barred by an old period of limitation. (*Weldon* v. *Rogers,* 151 Cal. 432 [90 P. 1062].)[8] ▆ As of March 4,

---

[6]Section 707 of the Probate Code, requiring claims to be filed within four months from first publication of notice to creditors, "is in the nature of a statute of limitations." (*Hays* v. *Bank of America,* 71 Cal.App.2d 301, 306 [162 P.2d 679].)

[7]We avoid any declaration as to a liability insurance policy being an in rem asset of an estate. (See *Javorek* v. *Superior Court,* 17 Cal.3d 629, 645, fn. 11 [131 Cal.Rptr. 768, 552 P.2d 728].)

[8]"It is the settled law of this state that an amendment which enlarges a period of limitation applies to pending matters where not otherwise expressly excepted." (*Mudd* v. *McColgan,* 30 Cal.2d 463, 468 [183 P.2d 10].) "[A]man has no vested right in the running of the statute of limitations until it has completely run and barred the action. . . The whole period contemplated by the new law must lapse to bar the action." (*Swamp Land District* v. *Glide,* 112 Cal. 85, 90 [44 P. 451].)

1972, the effective date of section 721, the Eken claim was not stale and needed no revival; there remained a considerable period during which a claim could have been filed (till May 27, 1972) within the estate under section 707.

We also note that WEC 24100 was dismissed on request of Eken, which was her right. (Code Civ. Proc., § 581; *Simpson* v. *Superior Court,* 68 Cal.App.2d 821 [158 P.2d 46].) There then remained only action WEC 27247 as viable, and it stands in an identical position to the amended complaint dealt with in *Neuland* v. *Russell, supra.*

The judgment is affirmed. Each party to bear its or her own costs on appeal.

Kaus, P. J., and Ashby, J., concurred.