[No. AO17543. First Dist., Div. Two. Dec. 17, 1982.]

INDÉPENDENT BANKERS TRUST COMPANY,
as Executor, etc., Petitioner, v.
THE SUPERIOR COURT OF MARIN COUNTY, Respondent;
JOSE LOPEZ, a Minor, etc., et al., Real Parties in Interest.

**COUNSEL**

W. Gregory Engel, Bianchi & Hoskins, D. Stuart Candland and Craddick, Candland & Conti for Petitioner.

No appearance for Respondent.

Richard H. Jordan for Real Parties in Interest.

**OPINION**

**GRODIN, P. J.**—On September 30, 1980, Independent Bankers Trust Company (petitioner) was discharged as executor of the estate of John F. Erlwein, M.D. Over 15 months later, on January 12, 1982, it was served, as executor, with summons and complaint in an action for malpractice which real parties in interest had filed in January 1979 during the pendency of the probate proceedings. American Mutual Liability Insurance Company, the liability insurance carrier for Dr. Erlwein, moved to quash service of the summons and

complaint on the ground that petitioner could not properly be served as executor after discharge; petitioner joined in the motion, but the motion was denied.[1] This petition for writ of prohibition or mandate followed. We conclude that the trial court erred in refusing to quash service of the summons and complaint, and that petitioner is entitled to relief in the form of a writ of mandate.

We first summarize the relevant procedural background. Dr. Erlwein died in January 1978 and petitioner promptly qualified as executor pursuant to Dr. Erlwein's will. On May 19, 1978, Jose Lopez and his mother and guardian Fae J. Lopez (real parties in interest) filed a claim against the estate alleging decedent's liability for acts of negligence in the delivery of Jose Lopez in January 1970. The amount of the claim was stated to be "$1,000,000.00 (minimum estimate)." Petitioner denied the claim and on January 19, 1979, real parties filed a complaint against petitioner, as executor, seeking damages for Dr. Erlwein's asserted negligence. Real parties also filed notice in the probate proceeding of the pendency of that action, pursuant to Probate Code section 714,[2] but the summons and complaint in that action were not served.

On January 31, 1980, petitioner filed a first and final account and report in the probate proceeding, seeking final distribution. That document, a copy of which was duly served upon real parties, made reference to the claim and notice which had been filed, and alleged on information and belief that the litigation "can be settled for less than $100,000.00 and since there is basic coverage of $100,000.00 from American Mutual Liability Insurance Company and an addi-

---

[1]The motion was denied on March 18, 1982. On April 1, 1982, American Mutual filed a motion to reconsider the order denying its motion to quash service; again petitioner joined in the motion and, on May 10, 1982, the motion for reconsideration was denied. This petition was filed on May 19, 1982.

Real parties attack the motion to reconsider as untimely under Code of Civil Procedure section 1008, which provides for the making of such a motion "within ten (10) days after knowledge of the order." Moving parties asserted, however, and it is undisputed on the record that they did not receive notice of the March 18 order until March 22. Thus, the motion was timely.

Real parties attack the motion to reconsider also on the ground that it failed to allege a "different state of facts" as required by section 1008. Petitioner did support the second motion with the service of summons showing that petitioner was served in its representative capacity, and the trial court found that new facts were presented. In any event, the requirement for allegation of new facts is not jurisdictional. (*Imperial Beverage Co.* v. *Superior Court* (1944) 24 Cal.2d 627, 634 [150 P.2d 881]; *Josephson* v. *Superior Court* (1963) 219 Cal.App.2d 354, 359 [33 Cal.Rptr. 196]; *Graham* v. *Hansen* (1982) 128 Cal.App.3d 965, 971 [180 Cal.Rptr. 604].) Thus, the instant petition was timely under Code of Civil Procedure section 418.10.

[2]Probate Code section 714 provides in pertinent part: "When a claim is rejected either by the executor or administrator . . . written notice of such rejection shall be given by the executor or administrator to the holder of the claim or to the person filing or presenting it, and the holder must bring suit in the proper court against the executor or administrator, within three months after the date of service of such notice . . .; otherwise the claim shall be forever barred. Within 10 days after the filing of such complaint the plaintiff shall file or cause to be filed in the estate proceedings, in the office of the clerk of the court in which the estate proceedings are pending, a notice of pendency of such action. If such notice is not filed within said period, the executor or administrator shall incur no liability whatsoever by reason of any distribution of the estate. Personal service of a copy of the summons and complaint upon the executor or administrator within said period is equivalent to the filing of such notice. . . ."

tional $1,000,000.00 'umbrella policy' from Allstate Insurance Company for a total of $1,100,000.00 that there is no need to postpone the closing of the estate . . . and pursuant to Probate Code Section 953 petitioner requests that it pay the sum of $1.00 or less into Court to satisfy the contingent and disputed claim . . . ." The court, in its final order of distribution, set the amount of the set-aside as zero.

## Discussion

■ "It has long been established that when an estate has been distributed and the executor or administrator discharged, he is no longer subject to suit in his representative capacity for he no longer has under his control any assets of the estate; that is the rule even though the action be filed prior to his discharge." (*Katleman* v. *First Nat. Bank of Nevada* (1963) 212 Cal.App.2d 520, 524 [28 Cal.Rptr. 135]; see also *Johnston* v. *Long* (1947) 30 Cal.2d 54, 65 [181 Cal.Rptr. 645]; *Toledo* v. *Superior Court* (1971) 19 Cal.App.3d 450, 454 [96 Cal.Rptr. 842].)

*Toledo* v. *Superior Court, supra,* exemplifies that proposition in a strikingly similar factual context. The claimant, who sought to recover damages for injuries allegedly suffered as a proximate result of the negligence of the decedent, filed a claim in the decedent's estate, and thereafter filed a complaint against the administratrix prior to her discharge. No section 714 notice was filed, though claimant alleged that prior to the filing of the action, as well as thereafter, his attorneys conducted negotiations with the representatives of the decedent's insurer. One year after the administratrix was discharged, she was served for the first time with summons and complaint. The trial court declined to quash service, but the Court of Appeal held this was error, and issued a peremptory writ ordering the trial court to grant the motion to quash service upon the administratrix in her alleged representative capacity. The court stated: "The fact remains that at the time petitioner was served she was no longer the representative of the estate of the alleged tort-feasor. She had no authority to receive summons on behalf of the estate, and has no authority to file an answer on its behalf. . . . [¶] The fact that there is an insurance company which will indemnify the estate does not render the petitioner subject to suit or service of summons after she is discharged. . . . [¶] . . . [I]t is clear that petitioner, in the representative capacity in which she was served, is not a proper party to the action, and that the court erred in refusing to quash the service upon her." (*Toledo* v. *Superior Court, supra,* 19 Cal.App.3d at pp. 457-458.)

■ Real parties would distinguish *Toledo* on the ground that here, they did file proper notice of the pending action in the probate proceeding pursuant to section 714. Notice, however, is not a substitute for service of summons and complaint. ■ In the absence of statutory authority, the issuance and service of summons is a prerequisite to acquisition of jurisdiction. (See *Pousson* v. *Superior Court* (1958) 165 Cal.App.2d 750, 752 [332 P.2d 766]; *Apartments, Inc.* v. *Trott* (1959) 172 Cal.App.2d 7, 14 [342 P.2d 32].)

■ Section 714 does not constitute statutory authority for bypassing the requirement of service. ■ Rather, as the court in *Toledo* observed, the purpose of that section was ". . . 'to provide protection to an executor or administrator in the final distribution of the estate against liability on a rejected claim on which suit had been filed but summons and complaint had not been served and about which he had no knowledge. . . .'" (*Toledo* v. *Superior Court, supra,* 19 Cal.App.3d at pp. 455-456, quoting from *Estate of Wilcox* (1945) 68 Cal.App.2d 780, 784 [158 P.2d 32].) Prior to the enactment of that section, ". . . 'it was possible for an executor or administrator to close an estate in good faith believing that all claims had been disposed of and later find proceedings to set aside the orders settling his accounts and distributing the estate initiated by the holder of a rejected claim on which suit had been filed in time but in which summons and complaint had not been served. Such an executor or administrator might even be faced with an action to hold him personally liable for the amount of the claim. . . .'" (*Ibid.*)

■ Thus, the fact that real parties filed notice of the pending action in the probate proceeding serves to eliminate any defense that the executor might have, based on lack of notice, if it were sued individually after discharge. It does not, however, provide a basis for serving the executor in its representative capacity, after that capacity has been terminated by appropriate order of the court.

If real parties had any quarrel with the trial court's order discharging the executor, or with the terms of the discharge, the proper remedy would have been by appeal. In fact, however, it appears they have no such quarrel. They seek, not to reopen the estate but to obtain recovery from the carriers which insured the decedent against liability.

■ There is a procedure by which real parties could have obtained jurisdiction to that end. Section 721, added to the Probate Code in 1971 (Stats. 1971, ch. 1638, § 4, p. 3533), provides for the filing of an action, by leave of court, against the estate of the deceased as defendant, with service of summons upon a person designated in writing by the insurer or, if none, upon the insurer. (Prob. Code, § 721, subd. (c).) The action is defended by the insurer (Prob. Code, § 721, subd. (d)), and a judgment in favor of the claimant is enforceable only from the insurance protection (Prob. Code, § 721, subd. (e)). The authorization to sue under section 721 "does not change the party responsible, i.e., decedent, to the insurance company. The action must still be brought against decedent, though by way of his estate. The sole difference is that decedent, by way of his estate, may be liable only to the extent of insurance coverage, i.e., the estate itself cannot be reduced by virtue of the action of any judgment." (*Eken* v. *Bosworth* (1977) 72 Cal.App.3d 248, 252 [139 Cal.Rptr. 834].) While the presentation or filing of a claim is not required under section 721 (Prob. Code, § 721, subd. (a)), the remedies

provided by that section are "cumulative, and may be pursued concurrently with other remedies" (Prob. Code, § 721, subd. (f)). Thus, the fact that a claim has been filed in the estate does not preclude the subsequent maintenance of an action under section 721. (*Neuland* v. *Russell* (1975) 50 Cal.App.3d 1, 5 [123 Cal.Rptr. 230].)

Let a peremptory writ of mandate issue ordering the trial court to vacate its orders denying the petitioner's motion to quash service of the summons upon it in its alleged representative capacity, and to grant such motion.

Miller, J., and Smith, J., concurred.

A petition for a rehearing was denied January 10, 1983, and the petition of real parties in interest for a hearing by the Supreme Court was denied February 23, 1983. Grodin, J., did not participate therein.