[No. D005647. Fourth Dist., Div. One. Jan. 8, 1988.]

STEVE VON GIBSON, Plaintiff and Appellant, v.
Estate of JAMES D. LYNCH, Deceased, Defendant and Respondent.

726

## Counsel

Alan M. Martin and Milton J. Silverman, Jr.,* for Plaintiff and Appellant.

Douglas R. McCorquodale and James L. Clark III for Defendant and Respondent.

* Mr. Silverman became counsel of record on November 21, 1985.

## OPINION

**THAXTON, J.**[*]—Plaintiff Steve Von Gibson (Von Gibson) appeals a summary judgment favoring defendant Estate of James D. Lynch (Estate) on Von Gibson's complaint for personal injuries as a result of an automobile accident in which James D. Lynch (Lynch) was killed.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 26, 1982, Von Gibson and Lynch were involved in a head-on collision. Lynch was driving a vehicle owned by his employer, Rainier Brewing Company, Inc. (Rainier). Lynch died at the scene of the accident and Von Gibson sustained injuries.

Von Gibson sued Lynch and Rainier on February 16, 1983, and also named Does 1 through 10 as defendants. On September 25, 1984, Von Gibson served on Rainier a request for identification and production of documents, seeking Rainier's policy of insurance. After Rainier failed to produce the insurance policy, Von Gibson brought a motion to compel. Rainier produced the requested document on January 2, 1985, showing Lynch was an insured under Rainier's policy.

On February 15, 1985, Von Gibson filed a petition to open the Estate of James D. Lynch under Probate Code section 721.[1] On April 15, 1985, the court granted the petition.

Von Gibson filed an amendment to his complaint on April 26, 1985, substituting the Estate as a Doe defendant in his original complaint. Estate moved for summary judgment, arguing Von Gibson's complaint against Estate filed on April 26, 1985, was barred by the statute of limitations. After hearing, the court took the case under submission and granted summary judgment for Estate.

### DISCUSSION

▉ Von Gibson contends the court erred in granting summary judgment on the ground his action was barred by the statute of limitations. He asserts he sued Estate timely because his amendment to the complaint naming Estate relates back to the original filing under Code of Civil

---

[*] Assigned by the Chairperson of the Judicial Council.
[1] Probate Code section 721 provides in part: "(a) Notwithstanding any other provision of law, the presentation or filing of a claim shall not be required and a civil action may be maintained by a claimant to establish, to the limits of the insurance protection only, a liability of the decedent for which the decedent was protected by liability insurance."

Procedure[2] section 474. He claims at the time he filed his complaint, he was actually ignorant of the facts giving him a cause of action against Estate under Probate Code section 721, specifically, that Lynch was an insured under Rainier's policy of insurance.

Under section 340, subdivision (3), an action for injury to one caused by the wrongful act or neglect of another must be brought within one year of the act causing injury. (See *Petrucci* v. *Heidenreich* (1941) 43 Cal.App.2d 561, 562 [111 P.2d 421].) However, where the person against whom the action may be brought dies before the expiration of the applicable statute of limitations, an action against the estate under Probate Code section 721 may be commenced within one year after the applicable statute has run. (§ 353.) Thus, where the defendant has died, section 353 serves to extend the one-year limitation period of section 340, subdivision (3) by an additional year for an action against the estate under Probate Code section 721.

Here, the accident in which Lynch was killed and Von Gibson was injured occurred on February 26, 1982. Von Gibson had one year from that date in which to file his action against Rainier as owner of the vehicle driven by Lynch. He timely did so on February 16, 1983. Under section 353, Von Gibson had two years from the date of the accident in which to file his action against Estate under Probate Code section 721. Although he named Lynch and Doe defendants in his original complaint filed on February 16, 1982, Von Gibson did not amend his complaint to name Estate until April 26, 1985, clearly outside the two-year statute of limitations.

Von Gibson argues under section 474 his Doe amendment relates back to the original filing of the complaint for purposes of the statute of limitations because he was ignorant of the identity of Estate and the facts giving him a cause of action against Estate. "A plaintiff ignorant of the identity of a party responsible for damages may name that person in a fictitious capacity, a Doe defendant, and that time limit prescribed by the applicable statute of limitations is extended as to the unknown defendant." (*Munoz* v. *Purdy* (1979) 91 Cal.App.3d 942, 946 [154 Cal.Rptr. 472].) Where a complaint sets forth a cause of action against a Doe defendant and his true name is later discovered and substituted by amendment, that defendant is considered a party to the action from its commencement so that the statute of limitations stops running as of the date of the original complaint. (*Austin* v. *Massachussets Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 600 [15 Cal.Rptr. 817, 364 P.2d 681].) " 'The plaintiff is deemed "ignorant of the name" if he knew the identity of the person but was ignorant of

---

[2] All statutory references are to the Code of Civil Procedure unless otherwise specified.

the facts giving him a cause of action against the person [citations], or knew the name and all the facts but was unaware that the law gave him a cause of action against the fictitiously named defendant and discovered that right by reason of decisions rendered after the commencement of the action.'" (*Munoz* v. *Purdy, supra,* 91 Cal.App.3d at p. 946.)

■ Contrary to Von Gibson's assertions, he was not ignorant of facts giving him a cause of action against the personal representative of Lynch's estate. He concedes he knew Lynch died at the scene of the accident. Thus, he knew or should have known he could not sue Lynch personally but could sue his personal representative (see Prob. Code, § 573), or under Probate Code section 721, he could sue Lynch's estate, or he could have pursued both of these remedies (see Prob. Code, § 721, subd. (f)).

Von Gibson argues he did not know how to form an estate when there were no assets to constitute the res needed for an estate to exist. However, such proclaimed ignorance is that of law, not of fact. He does not contend he was unaware the law gave him a cause of action against the fictitiously named defendant by reason of decisions rendered after the commencement of the action.

Von Gibson further argues he was ignorant of the fact of liability insurance coverage for Lynch and thus he could not bring his action under Probate Code section 721. ■ However, Probate Code section 721 does not create a new cause of action, but simply exempts certain claims from the requirement of having to be filed in an estate before a civil action can be maintained to establish a decedent's liability within his insurance coverage. (*Eken* v. *Bosworth* (1977) 72 Cal.App.3d 248, 252 [139 Cal.Rptr. 834].) Moreover, ignorance of insurance coverage is not the same as ignorance of the facts giving rise to a cause of action. Von Gibson alleged in his complaint Lynch negligently operated the vehicle causing Von Gibson's injuries. These facts did not change. The added knowledge of insurance coverage is not the kind of late discovery anticipated by section 474. ■ ■ ■ ■ ■ Thus, Von Gibson is barred from amending his complaint under section 474 to name Estate as a defendant.[3]

---

[3] The parties concede neither letters testamentary nor of administration have been issued to a personal representative of Estate. Section 353 suspends the statute of limitations for actions against the executor or administrator of the estate of a decedent on survivable causes of action. If a person against whom an action may be brought dies before the period has run, an action may be brought against his representative after the period has run and within one year after issuance of letters testamentary or of administration. (See *San Francisco Bank* v. *St. Clair* (1941) 47 Cal.App.2d 194, 202 [117 P.2d 703]; *Dodson* v. *Greuner* (1938) 28. Cal.App.2d 418, 421 [82 P.2d 741]; 3 Witkin, Cal. Procedure (3d ed. 1985.) Actions, § 498, p. 526.)

■ Von Gibson contends Estate should be estopped from claiming the bar of the statute of limitations because the conduct of Lynch's insurance carrier prevented Von Gibson from obtaining knowledge of insurance coverage and thereby prevented him from filing his petition under Probate Code section 721 until February 15, 1985. As we previously concluded, knowledge of insurance coverage did not affect the cause of action. Further, the record does not support Von Gibson's estoppel argument. Von Gibson first requested a copy of Rainier's insurance policy on September 25, 1984, seven months after the statute of limitations had run on his action against Estate under Probate Code section 721. The conduct complained of occurred after that time and thus had no bearing on the timely filing of the lawsuit. Summary judgment was proper.

DISPOSITION

The judgment is affirmed.

Wiener, Acting P. J., and Benke, J., concurred.

---

Therefore, Von Gibson can amend his complaint to state a cause of action against the executor or administrator of Estate within one year after issuance of letters testamentary or of administration. The cause of action would not be barred by our holding in this appeal which relates solely to the complaint brought against Estate pursuant to Probate Code section 721. (See § 353.) The remedies provided by Probate Code section 721 are cumulative and may be pursued concurrently with other remedies. (Prob. Code, § 721, subd. (f); *Independent Bankers Trust Co.* v. *Superior Court* (1982) 138 Cal.App.3d 238, 243 [188 Cal.Rptr. 14].) Moreover, an action under Probate Code section 721 can be brought against an estate only because of the express provision in the code section permitting such pleading. At common law an estate is not a person or entity and cannot be sued (*Hill* v. *Estate of Westbrook* (1950) 95 Cal.App.2d 599, 604 [213 P.2d 727]), and the action would necessarily be against the executor or administrator.