JONES, P. J.,
Concurring.—I concur fully in the judgment of affirmance. I write separately only to respond more directly to appellant Carlos McClatchy’s argument that he had no duty to substitute the firm as a named defendant under Code of Civil Procedure section 474 (section 474) because he lacked facts causing him to believe the firm’s liability is “probable.”
Appellant’s September 19, 2012 “Petition for Relief from Breach of Trust” sought damages for alleged mismanagement of an irrevocable trust of which he is a beneficiary. The petition named as respondents William Coblentz and other former trustees of the trust. It also sought relief from certain unidentified “Doe” respondents, alleging appellant was “ignorant of the true names and capacities of the Respondents named herein as Does 1 through 20 . . . .” Almost two years later, appellant filed an amended petition and sought to use section 474 to substitute the firm as Doe No. 2. The trial court granted the firm’s motion to quash service of the summons, finding appellant “knew all the relevant facts from which he now draws his conclusions about the . . . [firm’s] involvement prior to filing the petition.” On appeal, we ask only “whether substantial evidence exists to warrant the trial court’s finding.” (Wallis v. Southern Pac. Transportation Co. (1976) 61 Cal.App.3d 782, 786 [132 Cal.Rptr. 631] (Wallis).)
As relevant here, section 474 provides, “When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, . . . and *377 such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly . . . .” This section “enable[s] a plaintiff to commence an action before it has become barred by the statute of limitations due to plaintiffs ignorance of the identity of the defendant.” (Wallis, supra, 61 Cal.App.3d at p. 786.) While ‘“a plaintiffs ignorance of the defendant’s name must be genuine (in good faith) and not feigned” (General Motors Corp. v. Superior Court (1996) 48 Cal.App.4th 580, 594 [55 Cal.Rptr.2d 871] (General Motors)), the plaintiff is under no duty ‘“to exercise reasonable diligence prior to filing the complaint to discover the defendant’s identity or the facts giving rise to a cause of action against the defendant.” (Snoke v. Bolen (1991) 235 Cal.App.3d 1427, 1432 [1 Cal.Rptr.2d 492].) Section 474 has long been liberally construed to accomplish the purpose of enabling a plaintiff to substitute a named defendant for a fictitiously named defendant where the defendant’s name was known, but the facts giving rise to a cause of action were not. (See, e.g., General Motors, supra, 48 Cal.App.4th at p. 594 [even though plaintiff knows of defendant’s existence and actual identity, ‘“plaintiff is ‘ignorant’ within the meaning of the statute if he lacks knowledge of that person’s connection with the case or with his injuries”]; Wallis, supra, 61 Cal.App.3d at p. 786 [‘“A plaintiff is ‘ignorant of the name’ if he knows the identity of the person but is ignorant of the facts giving him a cause of action against such person.”].) Stated differently, the statute applies where, at the time the action was filed, the plaintiff knew the defendant’s identity but was unaware of the potential for a cause of action against the newly substituted defendant. (Mishalow v. Horwald (1964) 231 Cal.App.2d 517, 521-522 [41 Cal.Rptr. 895] [plaintiff may proceed under § 474 “ ‘ “where the failure to name the defendant in the complaint was due to ignorance of . . . the facts linking such defendant with the cause of action sued on” ’ ”].)
Appellant contends it is “irrelevant” that he knew the identity of the firm and that Coblentz was a partner in the firm during the time of the alleged breach of trust. While this knowledge is not irrelevant, I agree that knowledge of the firm’s name and identity is not dispositive. The question is what additional knowledge will foreclose appellant’s right to use section 474 and the relation back doctrine to avoid the bar of the statute of limitations.
Appellant argues the test is whether, in addition to knowing the firm’s identity and the fact that William Coblentz was a partner in the firm, he “also knew of facts making it probable that the Coblentz Firm was liable for the acts and omissions of Mr. Coblentz as Trustee.” As support for this argument, appellant cites three cases, but the relevant language in all of them is taken directly from Dieckmann v. Superior Court (1985) 175 Cal.App.3d 345 [220 Cal.Rptr. 602] (Dieckmann). (See McOwen v. Grossman (2007) 153 Cal.App.4th 937, 943 [63 Cal.Rptr.3d 615] (McOwen), quoting Dieckmann, supra, 175 Cal.App.3d at p. 363; Fuller v. Tucker (2000) 84 Cal.App.4th 1163, *378 1172 [101 Cal.Rptr.2d 776] [same]; General Motors, supra, 48 Cal.App.4th at p. 595 [same].) Dieckmann stated: “Section 474 allows a plaintiff in good faith to delay suing particular persons as named defendants until he has knowledge of sufficient facts to cause a reasonable person to believe liability is probable. The distinction between a suspicion that some cause could exist and a factual basis to believe a cause exists is critical in the operation of section 474. The former is one reason attorneys include general charging allegations against fictitiously named defendants; the latter requires substitution of the defendant’s true name.” (Dieckmann, supra, 175 Cal.App.3d at p. 363, italics added.) As I explain, the foregoing italicized phrase is, in my view, an isolated and unfortunate misstatement of the standard, a standard which Dieckmann otherwise consistently set forth.
Section 474 was enacted in 1872 and last amended in 1955. Since that time, cases have consistently construed the statute as permitting a plaintiff to delay suing persons or entities whose identity is known so long as the plaintiff remains “ignorant of the facts giving him a cause of action against [the defendant].”[1] (Wallis, supra, 61 Cal.App.3d at p. 786.) Any question about the proper standard should have been put to rest by the California Supreme Court’s opinion in Marasco v. Wadsworth (1978) 21 Cal.3d 82 [145 Cal.Rptr. 843, 578 P.2d 90] (Marasco), in which the court explicitly agreed with the statement in Barnes v. Wilson, supra, 40 Cal.App.3d at page 205 that “[t]he plaintiff is deemed ‘ignorant of the name’ if he knew the identity of the person but was ignorant of facts giving him a cause of action against the person . . . .” (Marasco, supra, 21 Cal.3d at p. 88.) Under this standard, “[t]he pivotal question in this regard is ‘did plaintiff know factsT not ‘did plaintiff know or believe that she had a cause of action based on those facts?’ ” (Scherer v. Mark, supra, 64 Cal.App.3d at p. 841.)
These cases show that Dieckmann s formulation of the standard—which would allow a plaintiff to delay substituting a defendant’s true name until the *379 plaintiff has “knowledge of sufficient facts to cause a reasonable person to believe liability is probable”—is unsupported by any statutory or case authority. Indeed, Dieckmann itself sets forth what I believe to be the correct standard at other points in the opinion. (See Dieckmann, supra, 175 Cal.App.3d at p. 351, fn. 2 [“ ‘ “The plaintiff is deemed ‘ignorant of the name’ if he knew the identity of the person but was ignorant of the facts giving him a cause of action against the person [citations]. . . .” ’ ”]; id. at p. 362 [noting “there was no evidence on the record before [the trial court] proving or indicating that plaintiff knew facts giving rise to a products liability action against” the defendant].) Thus, the troubling passage from Dieckmann may be no more than an inadvertent misstatement. Regrettably, however, cases such as General Motors have repeated the phrase, even though they also recite the correct and less permissive standard. (Compare General Motors, supra, 48 Cal.App.4th at p. 594 [“the plaintiff is ‘ignorant’ within the meaning of the statute if he lacks knowledge of that person’s connection with the case or with his injuries”] with id. at p. 595 [quoting Dieckmann standard]; see also McOwen, supra, 153 Cal.App.4th at pp. 942, 943 [reciting both standards].)
In my view, appellant could not wait to name the firm until he had “knowledge of sufficient facts to cause a reasonable person to believe liability is probable.” (Dieckmann, supra, 175 Cal.App.3d at p. 363.) The phrase “liability is probable” suggests a level of proof sufficient to meet the preponderance of the evidence standard. This would authorize delay in seeking amendment under section 474 until well after a plaintiff became aware of facts indicating the existence of a potential cause of action against the Doe defendant. I believe that the proper interpretation of section 474 requires a plaintiff to substitute a fictitiously named defendant’s true name once the plaintiff becomes aware of the facts giving him a cause of action against that defendant. (Marasco, supra, 21 Cal.3d at p. 88.) The law requires no more.
It is evident the trial court applied the correct standard here when it found appellant “knew all the relevant facts from which he now draws his conclusions about the . . . [firm’s] involvement prior to filing the petition.” This is simply another way of saying appellant already knew of the existence “ ‘the facts giving him a cause of action against the [firm] ....’” (Marasco, supra, 21 Cal.3d at p. 88.) Whether appellant knew or subjectively believed he had a cause of action against the Firm based on those facts is not the test. (See Scherer v. Mark, supra, 64 Cal.App.3d at p. 841.) Furthermore, I agree with my colleagues that there is substantial evidence to support the trial court’s *380 finding. (Wallis, supra, 61 Cal.App.3d at p. 786.) I therefore agree the order granting the motion to quash must be affirmed.

 Other cases prior to Dieckmann articulate the standard in language similar to that used in Wallis. (See, e.g., Scherer v. Mark (1976) 64 Cal.App.3d 834, 840 [135 Cal.Rptr. 90] [“plaintiff is deemed ‘ignorant of the name’ if he knew the identity of the person but was ignorant of facts giving him a cause of action against the person . . .”], quoting Barnes v. Wilson (1974) 40 Cal.App.3d 199, 205 [114 Cal.Rptr. 839]; Oakes v. McCarthy Co. (1968) 267 Cal.App.2d 231, 253 [73 Cal.Rptr. 127] [“if the plaintiff is ignorant of the basis of liability against such a defendant, the defendant may be held as a party defendant under section 474 . . .”]; Breceda v. Gamsby (1968) 267 Cal.App.2d 167, 174 [72 Cal.Rptr. 832] [“knowledge of facts giving [the plaintiff] a cause of action against [the defendant]”]; Garrett v. Crown Coach Corp. (1968) 259 Cal.App.2d 647, 650 [66 Cal.Rptr. 590] [“even though the plaintiff may know of the existence of a person, the plaintiff is ‘ignorant’ within the meaning of section 474 if he lacks knowledge of that person’s connection with the case”].)